## TUCKER v. WINDERS.

(Filed April 1, 1902.)

FALSE IMPRISONMENT—*Unlawful Arrest—Evidence—Punitive Damages.*

Where an unlawful arrest is made, in reckless or wanton disregard of the rights of the person arrested, in an action for false imprisonment the jury may award exemplary damages.

2. EVIDENCE—*False Imprisonment—Unlawful Arrest—Wealth of Defendant.*

In an action for unlawful arrest, evidence of the reputed wealth of the defendant is competent on the question of punitive damages.

ACTION by R. L. Tucker against J. B. Winders, heard by Judge *W. A. Hoke* and a jury, at March Term, 1901, of the Superior Court of DUPLIN County. From a judgment for the plaintiff, the defendant appealed.

*Stevens, Beasley & Weeks,* for the plaintiff.
*Marion Butler* and *Rountree & Carr,* for the defendant.

CLARK, J.   This was an action for unlawfully causing the arrest of plaintiff.   Evidence of the reputed wealth of defendant was competent in considering the question of punitive damages.   *Reeves v. Winn,* 97 N. C., 246; 2 Am. St. Rep., 287; *Bowden v. Bailes,* 101 N. C., 612.   The plaintiff was not restricted to the tax list.   That is by no means the only evidence.   The defendant may have property in other counties, and, as to personalty, the list is merely the declaration of defendant.   His reputation as to wealth is proper to go to the jury for consideration.   It is open to the defendant to go upon the stand and deny the correctness of the general estimate of his wealth.   Unless he does, this general reputation

may possibly be nearer the mark than the information derived from the tax lists.

The plaintiff's name was added in the warrant in the original case as one of the defendants by this defendant himself, who cursed the plaintiff and caused him to be arrested. At the hearing the plaintiff in that case (and defendant in this) said he had no evidence against this plaintiff; asked that his name be stricken out, and no testimony was offered against him. The Court instructed the jury that if the arrest of the plaintiff as a defendant in the original action was done in reckless or wanton disregard of plaintiff's rights, the jury might, if they saw proper, award, in addition to compensatory damages, exemplary damages, to punish the defendant for the wrong done. *Lewis v. Clegg,* 120 N. C., 292. This was a question arising upon the evidence and was properly left to the jury.

No error.