SILLIC SAWYER v. JOHN S. WESKETT, EXECUTOR OF ESTATE OF W. H. MISKELL, DECEASED.

(Filed 21 October, 1931.)

1. **Appeal and Error J e—Where same evidence is elicited from others, error in admission of privileged testimony of physician is not reversible.**

   Although it is error for the trial court to require a physician to disclose confidential information acquired in the course of treating a patient without a finding that the testimony was necessary to a proper administration of justice, C. S., 1798, where there is no such finding of record, but other witnesses have testified to the identical information elicited from the physician, the admission of his testimony cannot be held for reversible error.

**2. Executors and Administrators D a—Testimony of value of decedent's estate is incompetent in action for services rendered decedent.**

> In an action to recover for services rendered a decedent upon a *quantum meruit*, testimony as to the reputed wealth of the decedent is incompetent, the question at issue being the value of the services rendered and not the value of the estate of the decedent.

CIVIL ACTION, before *Frizzelle, J.,* at May Term, 1931, of PAMLICO.

The evidence tended to show that W. H. Miskell, an old man, broken with the infirmities of age and the ravages of an incurable disease, went to the home of the plaintiff to be cared for, on or about 17 September, 1928. He died on 4 December, 1928. The plaintiff instituted this action against the executor of the estate of the deceased, claiming compensation for nursing and caring for the deceased for a period of eighty days. The defendant entered a general denial and pleaded the statute of limitations. Issues were submitted to the jury and answered in favor of plaintiff, and the verdict awarded $700 to cover services rendered by the plaintiff to the deceased.

From judgment upon the verdict the defendant appealed.

*Julius G. Dees and Ward & Ward for plaintiff.*
*Z. V. Rawls for defendant.*

BROGDEN, J. Two questions of law are presented by the record:

1. Under what circumstances may a physician be compelled by a trial judge to disclose confidential information respecting the physical condition of his patient?

2. In a suit for compensation for services rendered a deceased, is it permissible to offer evidence as to the financial condition of the deceased?

The first question of law arises upon the testimony of a physician who treated the deceased in his last illness, in response to inquiries respecting the physical condition of his patient. The physician declined to disclose confidential information which he had acquired during the course of treatment, stating that he had been taught that physicians were not permitted to divulge such information unless ordered to do so by the court. The court thereupon directed the physician to answer and the ruling was complied with. C. S., 1798, prescribes the privilege protecting physicians in disclosing confidential information acquired in the course of employment in treating a patient. This statute was construed in *Ins. Co. v. Boddie,* 194 N. C., 199, 139 S. E., 228, and in *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187. The opinion in the *Newsome case, supra,* declares: "If the statements were privileged under this statute, then in the absence of a finding by the presiding judge, duly entered upon the record, that the testimony was necessary to a

proper administration of justice, it was incompetent, and upon defendant's objection should have been excluded." In the case at bar no finding was spread upon the record. However, it appears that other witnesses testified to the physical condition of the deceased, which testimony disclosed the identical information sought to be elicited from the physician. Hence, the ruling of the trial judge with respect to the testimony of the physician cannot be held for error.

The second question of law grows out of the following testimony elicited in behalf of plaintiff: Q. "Mr. Miskell was a man of some wealth, was he not?" A. "Yes sir." There was objection to the question and answer and motion that the answer be stricken out. The objection was overruled and the witness continued: "He was a man of some wealth. I don't know how much. He had some money. All I saw or the principal asset of his estate consists of two old buildings on Main Street that are about to fall down. I don't know that all of his property will not rent for enough to pay taxes."

It has been generally held in this State that evidence of the reputed wealth of a defendant is incompetent except in cases warranting the award of punitive damages. *Tucker v. Winders,* 130 N. C., 147, 41 S. E., 8; *Arthur v. Henry,* 157 N. C., 393, 73 S. E., 206; *Edwards v. Finance Co.,* 196 N. C., 462, 146 S. E., 89. The theory upon which such evidence is excluded is manifestly built upon the fact that the value of a given service does not depend upon the ability of the party charged to make payment. The question at issue is the value of services and not the size of the estate of the person receiving the services. Hence, the admission of such evidence constitutes error.

New trial.