## Sternberg v. Hogg.

(Decided June 6, 1934.)

762

CLEM W. HUGGINS, J. W. STERNBERG, and O'NEAL & O'NEAL for appellant.

WILBUR O. FIELDS, M. L. MARSHALL, and WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This action was originally brought by Greene Hogg against a magistrate, a constable, the corporate surety on the constable's official bond, and Manuel Sternberg, deputy constable, to recover damages for false arrest and imprisonment. Sternberg's demurrer was overruled, but the demurrer of the other defendants was sustained. On appeal the judgment was affirmed, the court holding that the petition stated no cause against the magistrate, constable, or surety, but did state a cause of action

against Sternberg, the deputy constable. **Hogg v. Lorenz,** 234 Ky. 751, 29 S. W. (2d) 17.

On the return of the case, Hogg filed an amended petition pleading in substance that, although he was prepared to execute sufficient bond to secure his release, and requested Sternberg to take him before a magistrate, as provided by section 46, Criminal Code of Practice, Sternberg refused to do so. After issue was joined a trial was had which resulted in a verdict and judgment for Hogg in the sum of $1,000. Sternberg appeals.

The facts are these: Appellee was the general manager of the United States Radiator Corporation. An employee of the company named Hesser was sued in the court of Hubbard R. Petty, justice of the peace of Jefferson county, and garnishment was served on the corporation by delivery to its bookkeeper on April 25, 1929. Hogg took the matter up with Hesser, who assured him that he would pay the claim. Hesser paid the claim to the magistrate by check dated April 30, 1929. On May 9, 1929, Sternberg, the deputy constable, called at the office of the Radiator Corporation, and began a discussion with the bookkeeper, who called Hogg. After some discussion Sternberg threatened "to rule the corporation's books into court," and finally Hogg said he did not "give a damn" what he did, and started back to the shop. Thereupon Sternberg intercepted Hogg, caught him by the back of the neck, and said: "I am going to teach you a lesson, I am going to jerk you in." He then ordered Hogg to come along, and threatened to wear a black jack out over his head if he did not. Hogg asked to be taken before a magistrate, but Sternberg refused and took him to the county jail. Either at the same time or later Sternberg delivered a commitment to the jailer prepared by him but signed by the magistrate. Following the custom Hogg was required to take a bath along with the other prisoners. After a while he made bond and was released. The charge was later dismissed. According to Sternberg he had formerly been to the office of the Radiator Company to serve a garnishee and on the occasion of the arrest he went there to serve a rule. Hogg used some "awful language," and was "pretty angry." He said to Hogg: "Sternberg is my name, I am a deputy constable. I am going to put you under arrest for breach of the peace." Hogg resisted and drew back. He then took Hogg to

Squire Petty's court and from there to the jail. He had nothing to do with giving Hogg a bath. On the other hand, it was shown that the claim which Sternberg was attempting to collect was not on Squire Petty's docket, and the envelope containing the returned summons-attachment did not have in it any paper showing that a rule had been issued against the Radiator Corporation as garnishee, and Hogg testified that Sternberg did not offer to serve any paper. It is at once apparent that the evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

Sternberg, who had no warrant, arrested Hogg for breach of the peace. The court told the jury in substance to find for Sternberg unless they believed from the evidence that Hogg was arrested without having committed a breach of the peace in Sternberg's presence, and defined "breach of the peace" in the following language:

> "A 'breach of the peace' as used in these instructions is a violation of public order, a disturbance of the public tranquillity, by any act or conduct inciting to violence or tending to provoke or excite others to breach the peace. By 'peace' as used in the law in this connection, is meant the tranquillity enjoyed by citizens of a municipality or community where good order reigns among its members, which is the natural right of all in political society."

It is argued that the definition is erroneous and gravely misleading, in that the jury was compelled to believe that there was a violation of public order or disturbance of public tranquillity by a transaction which occurred inside the private property of appellee's employer, and that appellee's counsel in his argument used the instruction with great effect. It is also argued that appellee was guilty of profane swearing in appellant's presence, and that this phase of the case should have been included in the instruction. The definition of "breach of the peace" conforms to our ruling in the case of Delk v. Commonwealth, 166 Ky. 39, 178 S. W. 1129, L. R. A. 1916B, 1117, Ann. Cas. 1917C, 884, and if the facts relied on by appellant to show that a breach of peace was committed in his presence were not such as to bring it within the rule, that is his misfortune and not the fault of the instruction. The only claim of profane swearing is that appellee said: "I don't give a

damn what you do." While scholars might condemn the expression as lacking in elegance, it hardly can be said that it enters the field of profane swearing. Moreover, it must not be overlooked that the instructions were correct as far as they went, and the failure to instruct on profane swearing was not error in the absence of a request. Blue Grass Traction Co. v. Ingles, 140 Ky. 488, 131 S. W. 278; Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757.

The instruction on the measure of damage is attacked on the ground that it allowed a recovery for mortification and humiliation. It is true that in the case of Johnson v. Collins, 89 S. W. 253, 28 Ky. Law Rep. 375, an instruction authorizing a recovery for "mental suffering" in an action for false arrest and imprisonment was not disapproved, but the court did not say that mortification and humiliation, which are but a form of mental suffering, are not proper elements of damage. On the contrary, mortification and humiliation are the natural result of false arrest and imprisonment, and constitute the chief elements of damage. Ross v. Kohler, 163 Ky. 583, 174 S. W. 36, L. R. A. 1915D, 621.

Finally, it is insisted that the court erred in authorizing a recovery of punitive damages. According to the evidence for appellee, appellant was not at the office of the Radiator Corporation for the purpose of performing an official duty, and arrested appellee without a warrant, though appellee had committed no offense in his presence. Clearly the circumstances were such as to authorize the jury to believe that appellant acted without probable cause, and with malice, or willfully and with wanton disregard of appellee's rights, and were therefore sufficient to authorize an instruction on punitive damages. 11 R. C. L. 821; Bernheimer v. Becker, 102 Md. 250, 62 A. 526, 3 L. R. A. (N. S.) 221, 111 Am. St. Rep. 356; Tucker v. Winders, 130 N. C. 147, 41 S. E. 8; Cincinnati, N. O. & T. P. R. Co. v. Cundiff, 166 Ky. 594, 179 S. W. 615, Ann. Cas. 1916C, 513.

Judgment affirmed.