## W. T. Sistrunk & Company v. Meisenheimer.

(Decided October 24, 1924.)

### Appeal from Clark Circuit Court.

1. Highways—Evidence in Action for Collision Held to Warrant Instruction as to Punitive Damages.—In action for injuries to automobilist in collision, evidence that defendant's truck was being driven rapidly at narrow place and well beyond center of road, though there was room on its own side of road, warranted instruction on punitive damages.

2. Negligence—"Gross Negligence" is Failure to Exercise Slight Care.—"Gross negligence" is failure to exercise slight care.

3. Damages—Not Every Case of Gross Negligence Warrants Punitive Damages.—Not every case of gross negligence will authorize assessment of punitive damages, as there must be evidence of malice or willfulness, or reckless or wanton disregard of rights of others.

4. Damages—Instruction Authorizing Punitive Damages Held Erroneous.—Instruction authorizing punitive damages, if injuries were caused by gross negligence, was erroneous, as not requiring malice, willfulness, reckless, or wanton disregard of rights of others.

BENTON & DAVIS and JOHN P. HASWELL for appellant.

G. B. FISHBACK, H. H. MOORE, and B. R. JOUETT for appellee.

Opinion of the Court by Turner, Commissioner—Reversing.

Appellee in an action for damages against appellant alleges that while she was an occupant of a touring car going from Lexington to Winchester on the night of the 26th of April, 1921, a truck going in the opposite direction, owned and controlled by appellant, and at the time driven and operated by its agents, ran into or side-swiped the touring car in which plaintiff was traveling by reason of their gross, wilful and wanton negligence and carelessness, and caused the touring car to be thrown off the road and against a tree on or near the side of the road, whereby she was injured.

The answer was a traverse, it being especially denied there was any collision, and in addition there was a plea of contributory negligence.

A verdict was returned for plaintiff for $500.00 compensatory damages, $500.00 punitive damages and $145.00 for medicine and medical services.

The evidence tended to show that where they met there was a fill, and that the road was narrower at that point than elsewhere; and that each of the motors was running down grade just before reaching the fill, the truck at a high rate of speed; that the touring car as it approached the truck was pulled off well to the right of the center of the road, and slowed down to a speed of five or six miles an hour, while the truck continued at a high rate of speed. It likewise tended to show the occupants of the truck were in a hurry to reach Lexington and continued to maintain the high rate of speed after reaching the narrow part of the road on the fill and at the time had its head lights shining brilliantly. The plaintiff's evidence shows that at the time of the alleged collision the touring car was several feet beyond the center of the road on its rightful side, while the truck at that point was that much beyond the center of the road on the wrong side, although there was ample room on the other side of the center for the truck to have passed without colliding with the touring car.

The two occupants of the truck, however, denied there was any collision with the touring car, but in effect stated it had been driven too near to the edge of the pike, and had fallen or toppled over against a tree on an embankment on that side. There was, however, evidence tending to show that the rear fender of the touring car

on the side next to the truck was battered and crushed as if by a collision.

Obviously the contention that the evidence did not justify the giving of an instruction authorizing the recovery of punitive damages cannot be maintained. If the evidence for the plaintiff was believed by the jury it is apparent the driver of the truck was at the time of the collision, if there was one, well beyond the center of his side of the road at a narrow place and driving rapidly, although there was ample room on his proper side of the highway. Such conduct at the time and place evidences a reckless disregard of the rights of other travelers on the highway, and an instruction of this kind was authorized.

But it is said for appellant that if such an instruction was authorized it was not given in proper form because it did not require the jury to believe before punitive damages might be assessed that defendant's agents were at the time acting wilfully or maliciously, or showing wanton disregard for the lives or safety or others.

The punitive damage instruction authorized a verdict for such damages if the injuries of plaintiff were caused by the gross negligence of defendant's agents in charge of the truck, and then in a separate instruction gross negligence is properly defined to be the failure to exercise slight care. In effect, therefore, the jury was authorized to assess punitive damages if the defendant's agents had failed in any respect to exercise slight care which resulted in the injury. It has been many times written in this state that not every case of gross negligence authorizes the assessment of punitive damages, but that there must be evidence of malice or wilfulness, or a reckless or wanton disregard for the rights of others. Green River Water & Light Co. v. Beeler, 193 Ky. 675.

It is clear, therefore, that neither the question of malice nor wilfullness nor wanton disregard of the rights of others was submitted to the jury in the instruction given; they were merely authorized to return a verdict for punitive damages if the defendant's agents had been guilty of a failure to exercise slight care which resulted in the accident. One may fail to exercise slight, or any care, resulting in an accident, which will not make him liable for punitive damages; but in order to justify the assessment of such damages there must be the element either of malice or wilfullness, of such an utter and wanton disregard of the rights of others as from which it

may be assumed he was acting either maliciously or wilfully.

It may be admitted that in giving such instructions no case in this state can be found where the qualification referred to has been made; but in view of the great number of traffic accidents occurring at this time, and chiefly growing out of the enormously increased use of motor vehicles, it is deemed of great importance that in authorizing the recovery of punitive damages this distinction should be pointed out in the instructions.

In the light of the rule that punitive damages are assessible only when the element of malice, wilfullness or reckless disregard of the rights of others appears, it is wholly illogical to authorize the recovery of such damages when there has been only a failure to exercise slight care.

This conclusion has been reached after mature deliberation by the whole court.

Because of this error in the instructions the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith. Whole court sitting.