## Cadle v. McHargue.

(Decided May 26, 1933.)

386

TYE, SILER, GILLIS & SILER for appellant.
J. M. ROBSION for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

Mary McHargue brought this action against J. M. Cadle to recover for personal injuries which she received while riding in his car. On the trial of the case she recovered a judgment against him for $8,100. He appeals.

Briefly stated, the facts as shown by her are these: She lives in Corbin, Ky., and on February 28, 1931, was in a drug store there and J. M. Cadle came in. It was a rainy day; he had known her for years; she and he were both unmarried, although both had been married. Her mother's home was five or six squares from the store. He invited her to enter his automobile and agreed that he would take her home. She entered the automobile, but when they reached her home the defendant refused to stop and drove out the state highway in the direction of Williamsburg. She and Cadle were sitting on the front seat of the car. Arnold Rice and Nannie Bryant were sitting on the rear seat. Cadle for many years had been a conductor on the railroad; Rice was a railroad engineer. Nannie Bryant lived in Corbin and was about the same age as Mary McHargue. After they had driven about ten miles Cadle was talking to the persons on the rear seat when Mary McHargue noticed that they were about to run into the bank. She called his attention to this. He put on the brakes; the road was wet. It was on a curve, and the roadway inclined to the outside of the curve instead of to the inside as it should have done. The car skidded, went over a bank, and they were all hurt, but Mary McHargue was much worse hurt than any of the others. She had a broken arm, a broken collar bone, a broken nose, her hip was thrown out of place, and her back wrenched. At the trial she had entirely lost the use of her arm. Her nose was knocked sideways and she could not breath out of one side of it. One of her eyes was injured and she suffered intense pain from her back.

On the other hand, the proof for the defendant was that when they met in the drug store he invited her to

take a ride. He and Rice had gone down to the store in Rice's car. She agreed to go if Nannie Bryant would go with them, and they then got in the car and the three went to Nannie Bryant's house. Mary Mc-Hargue went in and reported that Nannie would go as soon as she could dress. They went and got Cadle's car and came back. The two ladies got in the car and they went out to take a ride. Nothing was said about stopping at Mary McHargue's home. The parties were simply taking a ride together by agreement. The slipping of the car was due to the bad condition of the road and was simply an accident. The court gave the jury these instructions:

No. 1. "If you shall believe from the evidence in this case that the plaintiff, Mary McHargue, entered the automobile of the defendant, J. M. Cadle, upon the promise of the defendant Cadle that if she would enter the automobile he would transport the plaintiff in his said automobile to her house in the city of Corbin, and that the plaintiff, relying upon the said promise, entered the said automobile for that purpose then and in that event it was the duty of the defendant to transport and carry the plaintiff in his automobile to her home in the City of Corbin and if you shall further believe from the evidence in this case that the defendant Cadle in violation of his promise and without the consent of the plaintiff and against her will transported and carried the plaintiff in his said automobile away from her home and out of the city and over and along a public highway from Corbin toward Williamsburg, Kentucky, and that the said automobile of the defendant, thru the carelessness and negligence of said defendant was overturned and wrecked and the plaintiff was injured as a direct and proximate result thereof, and at a time when she was exercising ordinary care for her own safety and protection, then and in that event your verdict will be for the plaintiff and you will so find. Unless you so believe your finding will be for the defendant."

Instruction No. 2 is the usual measure of damage instruction.

No. 3. "The court further instructs the jury if you shall believe from the evidence in this case that

the negligence of the defendant was gross as hereinafter defined you may in your discretion, in addition to compensatory damages, as set out and defined above, award the plaintiff punitive damages, but the whole of your reward, however, shall not exceed the sum of $20,975.00, the amount claimed in the petition. If you find for the plaintiff on this item you will state in your verdict whether the sum awarded is compensatory or punitive damages and if both the amount of each separately."

Instruction No. 4 is the counterpart of No. 1, telling the jury to find for the defendant if they did not believe as set out in No. 1. Instruction No. 5 is the usual contributory negligence instruction.

No. 6. " 'Negligence' is the failure to exercise ordinary care. 'Ordinary care' means that degree of care usually exercised by ordinarily prudent persons under circumstances like or similar to those proven in this case. The absence of such care is negligence. 'Gross negligence' is the failure to exercise slight care."

The jury returned the following verdict:

"We, the jury, agree and find for the plaintiff the amount of $600.00 for medicine and hospital care and further agree the sum of $7500.00 for punitive damages."

■ It will be observed that by instruction 3 the court told the jury that, if they believed from the evidence that the negligence of the defendant was gross, they might in their discretion, in addition to compensatory damages, award the plaintiff punitive damages; and by instruction No. 6 the jury were told that gross negligence is the failure to exercise slight care. It will thus be seen that the jury were told that they might find punitive damages if the defendant failed to exercise slight care. In W. T. Sistrunk & Co. v. Meisenheimer, 205 Ky. 254, 265 S. W. 467, 468, which was, like this, a case of an automobile accident, in which a similar instruction had been given, the whole court, reversing the judgment for this reason, said:

"One may fail to exercise slight, or any care, resulting in an accident, which will not make him liable for punitive damages; but in order to justify

the assessment of such damages there must be the element, either of malice or willfulness, or of such an utter and wanton disregard of the rights of others as from which it may be assumed he was acting either maliciously or willfully.''

To the same effect see Green River, etc., Co. v. Beeler, 193 Ky. 675, 237 S. W. 1; Louisville Cemetery Association v. Downs, 241 Ky. 774, 45 S. W. (2d) 5; Sherman & Redfield on Negligence, sec. 748. The court should define the negligence warranting punitive damages as above indicated, where punitive damages may be recovered. It is not every case of gross negligence that will warrant a recovery of punitive damages. 17 C. J. p. 986, sec. 284, note. 11.

■ On the motion for a new trial the plaintiff filed the affidavits of ten of the jury stating that they understood from the instructions of the court, and what was said to them by the court, that compensatory damages only included what was expended for nursing and hospital bill, and that they awarded the $7,500 to cover compensation for the plaintiff's injury, including her loss of time, her suffering, and the diminution of her power to earn money by reason of her injury. But the affidavits of jurors may not be received to impeach their verdict. When the verdict is returned, the attention of the jury, before they are discharged, may be called to any mistake in it, but, if this is not done, they can not, long after they have been discharged, by their affidavits, give the verdict a different sense from that expressed therein.

■ The injury was due entirely to the car skidding and slipping on the wet road. The trouble occurred in a second. The parties were all in the car together taking a ride, and the facts did not show that the defendant acted maliciously, willfully, or in wanton disregard of the rights of another. Under all the facts and in view of the distance that the car had gone, after it passed appellee's home, no instruction here should have been given on punitive damages.

■ By the Acts of 1930 (chapter 85) this was provided:

"No person transported by the owner or operator of a motor vehicle, as his guest, without payment

for such transportation, shall have a cause of action for damages against such owner or operator for any injuries received, death, or any loss sustained, in case of accident, unless such accident shall have resulted from an intentional act on the part of said owner or operator."

But in Ludwig v. Johnson, 243 Ky. 533, 49 S. W. (2d) 347, this act was held unconstitutional. This case was tried before that opinion was rendered. The circuit court in instructions 1 and 4 followed the statute holding it valid. On another trial instructions 1 and 4 will be modified to conform to the rule so declared by this court.

5. The court may properly admit proof by experts as to what would be the effect of running a car around the curve at a given speed under the conditions shown. The questions to the witnesses should be framed as above indicated. The jury are not experts in the running of cars, and they may properly hear expert testimony on the subject; for otherwise they may not be able to try the case intelligently or give proper weight to the facts shown. Wimsatt v. L. & N. R. R. Co., 235 Ky. 405, 31 S. W. (2d) 729; Powers v. Wiley, 241 Ky. 645, 44 S. W. (2d) 591; 22 C. J. p. 652, sec. 745. ■ The circuit court properly refused the peremptory instruction asked by the defendant. The rule is that, if there is any evidence, the question is for the jury. There was evidence of negligence of defendant in running the car around this wet slippery curve at a high and dangerous rate of speed and in failing to keep a lookout. While there was proof that other facts may have contributed to the result, what was the proximate cause of the plaintiff's injury was a question for the jury under the proof.

■ Complaint is made that the plaintiff's counsel industriously got before the jury the fact that the defendant was protected by indemnity insurance. On the examination of the jury they were asked if any of them was the agent of any insurance company or any company writing automobile insurance. On the cross-examination of the plaintiff she was asked if she had not made certain statements to W. T. Tipton and J. W. Cook. She said she had not. On her re-examination she testified that they were insurance agents. They were later introduced and testified that she had made

the statements indicated, and on cross-examination they stated that they were the agents of the Ætna Insurance Company which carried an indemnity policy issued to the defendant. All this was objected to, and the defendant moved to discharge the jury. The motion was overruled, and the jury were admonished by the court as follows:

"Ladies and Gentlemen of the jury: The testimony of the witness Tipton and the testimony of the witness Cooke, with reference to indemnity insurance can only be considered by you under the circumstances to show gainful business relations, employment, ownership of property or interest in the transaction, anything that might be calculated to influence the witness in giving testimony and can be considered for no other purpose."

It is proper to prove on cross-examination any facts tending to show bias or interest which might affect the credibility of the witness. Hoover v. McCormick, 197 Ky. 509, 247 S. W. 718; Louisville & N. R. Co. v. Munford, 68 S. W. 635, 24 Ky. Law Rep. 416. As Tipton and Cook were introduced as witnesses for the defendant, the facts shown were competent on the question of bias or interest.

It was unnecessary for the defendant to ask the plaintiff if she had not made certain statements to Tipton and Cook. For the defendant could prove any admissions made by her as direct evidence without first laying a foundation to contradict her as in the case of other witnesses.

On another trial, if Tipton and Cook are not introduced as witnesses, all this will be omitted.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.