MRS. HATTIE HORTON v. CAROLINA COACH COMPANY AND JIMMIE PIERCE.

(Filed 13 December, 1939.)

**1. Appeal and Error § 6a—**

Where the court, in the absence of the jury, announces it would not allow recovery both for breach of contract and in tort, and plaintiff elects to sue in tort, defendant's objection to the court's action in trying the case upon the theory of a tort comes too late when not made until after verdict, it being incumbent upon defendant to have objected at the time.

**2. Carriers § 21a—**

The duty of a common carrier is to go as far as human care and foresight permits in providing safe conveyance for its passengers.

**3. Appeal and Error § 39e—**

The failure of the court to charge that the recovery of future damages is limited to the present cash value thereof will not be held prejudicial error when there is no allegation, evidence or contention of prospective injury, and the mention thereof is a mere oversight in the general statement of the court upon the issue of damages.

**4. Carriers § 21f: Damages § 7—Plaintiff's evidence held to justify submission of issues relating to punitive damages.**

Plaintiff's evidence tending to show that she was caused to alight from defendants' bus with a small child and baggage in a lonely place before the bus had reached the destination for which she had purchased a ticket, and that before she had time to collect her wits the bus was driven away, and that the bus driver was rude in his manner, tends to establish willful injury or gross negligence entitling plaintiff to the submission of issues relating to punitive, as well as compensatory, damages.

STACY, C. J., BARNHILL and WINBORNE, JJ., are of the opinion that the judgment should be modified and the award of punitive damages disallowed.

APPEAL by defendants from *Gwyn, J.,* at June Extra Civil Term, 1939, of MECKLENBURG. No error.

This is an action to recover damages for the wrongful and negligent act of the defendants in putting the plaintiff, a passenger, off of the defendants' bus, a common carrier, at another place than that designated on the ticket purchased by the plaintiff from the defendants.

The plaintiff alleged and offered evidence tending to prove that she bought a ticket from the defendants from Charlotte to Tramway, and boarded the bus of the defendant Carolina Coach Company at Charlotte, and delivered the ticket to the defendant Pierce, who was driving said bus, and told him that she wanted to get off at Tramway; that when the bus arrived at Double Tree, she was told that she was at Tramway and

at this point alighted from the bus with her four-year-old child and baggage, and that the bus left her immediately; that Double Tree is 2½ miles from Tramway and is a sparsely populated community; that she was compelled to walk a half mile over a lonely road and carry her child and baggage before she was picked up by a passing automobile and carried to her destination in Tramway; that the causing of the plaintiff to alight from the bus 2½ miles short of the destination mentioned on the ticket bought by her from the defendants was accomplished in a negligent, malicious and insulting manner; that she suffered physical and mental anguish as a result of her treatment.

The defendants' evidence tended to show that Tramway is no more than "an area or vicinity or neighborhood" and contains no fixed place at which the buses stopped, and that when the bus upon which the plaintiff was riding reached the cross roads where plaintiff alighted she looked out of the window and said that that was the place at which she wanted to be put off of the bus, and that in accord with her expressed wish the bus was stopped and plaintiff allowed to alight; that all was accomplished in an orderly and careful manner, free from any negligence, malice or rudeness.

The jury returned the following verdict:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint. Answer: 'Yes.'

"2. If so, what actual damages is the plaintiff entitled to recover of the defendants? Answer: '$300.00.'

"3. Were the acts of the defendants malicious, or willful and wanton, as alleged in the complaint? Answer: 'Yes.'

"4. If so, what punitive damages, if any, is the plaintiff entitled to recover? Answer: '$75.00.'"

From judgment predicated upon the verdict the defendants appealed, assigning errors.

*John Newitt for plaintiff, appellee.*

*E. McA. Currie and Smith, Leach & Anderson for defendants, appellants.*

SCHENCK, J. The appellants assign as error the court's action in trying the case upon the theory of a tort rather than that of a breach of contract. This assignment is untenable for the reason that at the close of the evidence the court announced, in the absence of the jury, that it would not allow the plaintiff to recover upon the theory of both breach of contract and upon an action sounding in tort, and plaintiff stated she would elect to proceed upon the theory of a tort. No exception to this

action of the court was taken at the time by the defendants, and such exception comes too late after verdict.

The exceptions to portions of the charge to the effect that the duty a common carrier owes to a passenger is that as far as human care and foresight could go he must provide safe conveyance, are untenable, since the charge is in accord with the decisions of this Court. *Hollingsworth v. Skelding,* 142 N. C., 246; *Perry v. Sykes,* 215 N. C., 39.

The appellants preserved exception to the following excerpt from the charge: "Where the plaintiff is entitled to recover for the wrongful act of the defendant, she is entitled to recover one compensation, in a lump sum, for all injuries, past, present and prospective, which proximately flow from the defendants' wrongful act." This exception is based upon the court's failure to instruct the jury that any damage which might accrue in the future was limited to the present cash value thereof. This exception would be well taken had there been any contention that the plaintiff had suffered prospective injuries, but since there was neither allegation nor evidence of prospective injury, and no contention presented to the jury of prospective injury, we think the mention of "injuries . . . prospective" was a mere *lapsus linguæ,* and harmless.

The defendants except to the submission of the issues relative to punitive damages. These exceptions are untenable for the reason that the issues arise upon the pleadings, and the evidence when viewed in the light most favorable to the plaintiff supports them. The evidence, when so viewed, tends to show that the plaintiff was caused to alight from the bus with a small child and baggage, in a lonely place, and before she had time to collect her wits the bus was hurriedly driven away and that the bus driver was rude in his manner.

If the tort is the result of simple negligence, damages will be restricted to such as are compensatory, but if it was willful, or committed with such circumstances as show gross negligence, punitive damages may be given. *Purcell v. R. R.,* 108 N. C., 414; *Ammons v. R. R.,* 140 N. C., 196.

In the record we find

No error.

STACY, C. J., BARNHILL and WINBORNE, JJ., are of the opinion that the judgment should be modified and the award of punitive damages disallowed.