JAMES WESLEY TAYLOR v. JONES BROTHERS BAKERY, INC.

(Filed 12 December, 1951.)

1. Libel and Slander § 10—

In an action for slander allegedly uttered by defendant's route supervisor while acting in the course of his employment, the court correctly refused defendant's motions to strike allegations of the complaint that plaintiff's discharge by the supervisor was wrongful and without justifica-

tion or excuse, the defamatory matter being related to the asserted reason for plaintiff's discharge.

**2. Libel and Slander § 5—**

In order to form the basis of an action for slander it is necessary that the defamatory matter be communicated to some person or persons other than the person defamed.

**3. Libel and Slander § 1—**

Ordinarily a person may not maintain an action for a slander invited or procured by plaintiff himself or by a person acting for him, certainly when induced for the purpose of bringing suit thereon.

**4. Libel and Slander § 10—**

In an action for slander, allegations to the effect that upon plaintiff's inquiry as to the reasons he had been discharged, defendant's vice-president stated to him that he had been short in his deliveries of merchandise to customers which amounted to stealing, should be stricken on motion, there being no allegation that the defamatory words were communicated to any other person or that the vice-president authorized anyone to publish the statement made by him to plaintiff.

**5. Damages § 8—**

Where punitive damages are sought, evidence of the financial condition of defendant or of its imputed wealth is competent, and therefore motion to strike allegations of the reputed wealth of defendant is properly denied.

APPEAL by defendant from *Moore, J.*, April term, 1951, of GUILFORD—Greensboro Division.

The plaintiff, a former employee of the defendant, instituted this action to recover both compensatory and punitive damages against the defendant "on account of injury to plaintiff's good name, fame, credit, and reputation," caused by the utterance of alleged slanders of and concerning the plaintiff by one O. W. Biggerstaff, one of the defendant's route supervisors, who was allegedly acting in the course and scope of his employment by the defendant. In apt time, the defendant moved to strike from the plaintiff's complaint, the following:

1. The italicized portion of paragraph eight which reads as follows: "That on the 29th day of July, 1950, the said Mr. O. W. Biggerstaff, Route Supervisor as aforesaid, *wrongfully and without justification or excuse* discharged this plaintiff . . ."

2. All of paragraph nine of the complaint, as follows: "That on the following Monday, to-wit: July 31, 1950, Mr. Paul Jones, Vice-President of the defendant corporation, in a conversation with this plaintiff, who was then inquiring as to the reason for his discharge, stated to the plaintiff, 'You were fired for shorting merchants in loaves of bread, that Mr. Biggerstaff has the evidence to prove it, and that this is nothing short

of stealing, and we do not want a man like that in our organization.' That thereupon this plaintiff denied said charges." ·

3. The italicized portion of paragraph fifteen of the complaint which reads as follows: "That the defendant is a corporation of large means *and is reputed to be worth a large sum of money and physical properties.*"

The motion to strike was overruled, and defendant appeals, and assigns error.

*Hines & Boren and Welch Jordan for defendant, appellant.*
*H. L. Koontz, J. Elmer Long and Clarence Ross for plaintiff, appellee.*

DENNY, J. The defendant's exception to the failure of the court to strike out that portion of paragraph eight of the plaintiff's complaint, alleging that the plaintiff was discharged by Biggerstaff *wrongfully and without justification or excuse,* is without merit.

The exception, however, to the refusal of the court to strike out paragraph nine of the complaint in its entirety, presents a more serious question. There is no allegation in the complaint to the effect that Paul Jones, the Vice President of the defendant corporation, ever communicated the statement made by him to the plaintiff to any other person, nor does the plaintiff allege in his complaint that any slanderous statement with respect to the conduct of the plaintiff was ever communicated to a third person by anyone, save and except by O. W. Biggerstaff, a route supervisor of the defendant.

Therefore, we must consider whether the statement made by the officer of the defendant corporation to the plaintiff upon the plaintiff's inquiry as to why he had been discharged, constituted a publication sufficient to support an action for slander. The answer must be in the negative.

It is generally held that the publication, of a libel or slander, invited or procured by the plaintiff, or by a person acting for him, is not sufficient to support an action for defamation. 33 Am. Jur., Libel and Slander, section 93, page 105; 53 C.J.S., Libel and Slander, section 80, page 129; *Renfro Drug Co. v. Lawson,* 138 Tex. 434, 160 S.W. 2d 246, 146 A.L.R. 732; *Taylor v. McDaniels,* 139 Okla. 262, 281 Pac. 967, 66 A.L.R. 1246; *McDaniel v. Crescent Motors,* 249 Ala. 330, 31 So. 2d 343, 172 A.L.R. 204; *Lovejoy v. Mutual Broadcasting Co.* (Tex. Civ. App.) 220 S.W. 2d 308; *Kaplan v. Edmondson,* 68 Ga. App. 151, 22 S.E. 2d 343; *Tucker v. Pure Oil Company of Carolinas,* 191 S.C. 60, 3 S.E. 2d 547. While it is not necessary that the defamatory words be communicated to the public generally, it is necessary that they be communicated to some person or persons other than the person defamed. *Hedgepeth v. Coleman,* 183 N.C. 309, 111 S.E. 517, 24 A.L.R. 232; *McKeel v. Latham,* 202 N.C. 318, 162 S.E. 747; 53 C.J.S., Libel and Slander, section 78, page 127; 33 Am. Jur., Libel and Slander, section 96, page 107.

An examination of plaintiff's complaint discloses that all his allegations with respect to his right to recover compensatory as well as punitive damages, are bottomed on the statement made by Biggerstaff to the various customers of the defendant corporation. He alleges no damages resulting from the statements made to him by the Vice President of the defendant corporation in response to his own inquiry as to the reason for his discharge. Certainly such a statement, unless made to a third person, would not support an action for slander. Moreover, it is generally held that where slanderous or libelous statements are induced for the purpose of bringing suit thereon, recovery will not be permitted. This is upon the theory that a plaintiff will not be permitted "to assist in building up a cause of action for the purpose of gathering fruitage for himself." *Richardson v. Gunby,* 88 Kan. 47, 127 Pac. 533, 42 L.R.A. (N.S.) 520. See 172 A.L.R. Anno. 214. Furthermore, there is no allegation in plaintiff's complaint to the effect that the vice-president of the defendant corporation authorized the defendant Biggerstaff, or anyone else, to publish the statement made by him to the plaintiff. 53 C.J.S., Libel and Slander, section 150 (a), page 233. Consequently, we think the defendant is entitled to have all of the allegations contained in paragraph nine of the plaintiff's complaint stricken out, and it is so ordered.

The exception to the failure of the court to grant the defendant's motion to strike from the plaintiff's complaint the allegation with respect to the reputed wealth of the defendant, will not be upheld.

In an action where punitive damages may be awarded, evidence of the financial condition of the defendant, or of its reputed wealth, is admissible in behalf of the plaintiff. *Roth v. News Co.,* 217 N.C. 13, 6 S.E. 2d 882; *Bryant v. Reedy,* 214 N.C. 748, 200 S.E. 896; *Baker v. Winslow,* 184 N.C. 1, 113 S.E. 570; *Carmichael v. Telegraph Co.,* 162 N.C. 333, 78 S.E. 507; *Arthur v. Henry,* 157 N.C. 393, 73 S.E. 206; *Tucker v. Winders,* 130 N.C. 147, 41 S.E. 8; *Reeves v. Winn,* 97 N.C. 246, 1 S.E. 448; *Adcock v. Marsh,* 30 N.C. 360.

The judgment of the court below will be modified as directed herein. Modified and affirmed.