ANNIE JONES HINSON, ADMINISTRATRIX OF LEONARD E. HINSON, DECEASED, v. CHARLES EDWARD DAWSON AND CHARLES A. DAWSON.

(Filed 2 May, 1956.)

**1. Appeal and Error § 60—**

Where adjudication that intestate's death was not proximately caused by injuries received in the collision in suit is affirmed on appeal, allegations in a subsequent pleading inferring that intestate's death was caused by the collision are properly stricken on motion.

**2. Pleadings § 31: Damages § 8—**

Where the facts alleged form a sufficient basis for the conclusion that defendants were guilty of wanton negligence so as to support the sub-

mission of the issue of punitive damages, allegations in the complaint stating that the acts of defendant were in reckless and wanton disregard of and indifference to the rights and safety of intestate are improperly stricken, and the fact that they are stated in a paragraph subsequent to the one in which the acts of negligence are particularized, is unobjectionable.

**3. Pleadings § 31—**

In passing upon a motion to strike, facts alleged in the pleading, but not the conclusions of the pleader, are deemed admitted.

**4. Damages § 7—**

Punitive damages are not recoverable as a matter of right, but only in the discretion of the jury upon a separate issue in those cases in which the pleadings and evidence warrant the submission of the issue.

**5. Same—**

Punitive damages may be recovered when the injury is inflicted maliciously or wilfully, and may be recovered for negligent injury only when such injury is the result of wanton negligence, and conduct is wanton when it is in conscious and intentional disregard of and indifference to the rights and safety of others.

**6. Damages § 8—**

Allegations that defendant driver, upon reaching an intersection, suddenly and without warning made a left turn directly across the path of the car in which intestate was riding, and, upon information and belief, that defendant driver had defective vision and was incapable of seeing and apprehending the dangers inherent in the operation of a motor vehicle, and that defendant owner had full knowledge of this defect of vision, but nevertheless permitted such defendant to drive, *are held* sufficient to support *plaintiff's allegation that defendants' conduct was wanton and to support plaintiff's prayer for the recovery of* punitive damages.

**7. Same—**

Even though the allegations of the complaint are sufficient to support plaintiff's prayer for punitive damages, allegations in the complaint as to the financial worth of a defendant should be stricken on motion as being an allegation of evidence rather than of an ultimate fact, and as being prejudicial if plaintiff's evidence turns out to be insufficient to warrant submission of an issue as to punitive damages.

ON WRITS OF CERTIORARI, treated as cross-appeals, to review order of *Frizzelle, J.,* September Term, 1955, WAYNE.

The hearing before Judge Frizzelle was on defendants' motion to strike designated portions of plaintiff's amended complaint. The order granted the motion as to certain portions and denied it as to others. The respective parties excepted to rulings adverse to them and petitioned for writs of certiorari under Rule 4(a), 242 N.C. 766. These petitions were allowed by this Court on 30 November, 1955. They are

now treated as cross-appeals. The pertinent facts will be stated in the opinion.

*J. Faison Thomson & Son and N. W. Outlaw for plaintiff, appellant and appellee.*

*Edmundson & Edmundson, John S. Peacock and Smith, Leach, Anderson & Dorsett for defendants, appellants and appellees.*

BOBBITT, J. At the conclusion of trial of this cause at August-September Term, 1954, of Wayne, judgment was entered that plaintiff recover nothing from defendants. Plaintiff appealed. A partial new trial was ordered, as appears in *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585. There was a final adjudication that the injuries received by plaintiff's intestate in the automobile collision on 20 December, 1953, did not proximately cause his death on 27 January, 1954; and, after certification of the opinion, judgment was entered in the superior court to that effect. Thereafter, plaintiff was permitted to file an amended complaint relating to alleged personal injuries and property damages sustained by her intestate and allegedly caused by the negligence of defendants.

1. *Plaintiff's Appeal.*

After alleging the facts as to how the collision occurred, plaintiff made allegations as to injuries sustained therefrom by her intestate. In so doing, in paragraphs 7 and 9, she used the words "and fatally"; and in paragraph 11, she alleged that "after lingering . . . the intestate died." In paragraph 14, she alleged "That the plaintiff's intestate, Leonard E. Hinson, was not killed *instantly* as result of the negligence of the defendant Charles Edward Dawson, as hereinbefore set out." (Italics added.) The words quoted, considered in context, allege, either expressly or by plain implication, that the death of plaintiff's intestate was caused by said collision, a position not now available to plaintiff. These allegations were properly stricken. Plaintiff's assignments of error relating thereto are without merit.

Plaintiff assigns as error that portion of the order striking paragraph 12 and the portion of paragraph 16 set forth in her assignment of error No. 6. The allegations involved are to the effect that the conduct of the driver of the Dawson car, alleged with particularity in paragraph 8, was in reckless and wanton disregard of and indifference to the rights and safety of Leonard E. Hinson. These allegations, for reasons stated in consideration of defendants' appeal, might have been included in paragraph 8. The fact that they are alleged in separate paragraphs would seem unobjectionable. Hence, the order is modified by deleting the portion thereof which strikes paragraph 12 and the

allegations of paragraph 16 set forth in plaintiff's assignment of error No. 6.

2. *Defendants' Appeal.*

Defendants' assignments of error are directed to the action of the court in denying their motion to strike the portions of the amended complaint set out below, to wit:

1. A portion of paragraph 16, reading as follows:

"and the plaintiff is informed and believes, and therefore alleges, that on account of such reckless and wanton disregard of the rights and safety of Leonard E. Hinson, and others using the said highway, which proximately caused the pain and suffering of Leonard E. Hinson, as hereinbefore set out, she is entitled to recover punitive damages of the defendants, and that in view of the financial worth of the defendants such punitive damages should be in some very substantial amount,"

2. All of paragraph 2 of plaintiff's prayer for relief, viz.:

"That she recover of the defendants the sum of $10,000.00 as punitive damages for their negligent, wanton and reckless disregard or indifference to the rights of Leonard E. Hinson, which resulted in his pain and suffering."

In passing upon the motion to strike, the facts alleged in the amended complaint, but not the conclusions of the pleader, are deemed admitted. *Bank v. Bryan,* 240 N.C. 610, 83 S.E. 2d 485. Are such facts sufficient to warrant submission of an issue as to punitive damages?

Punitive damages are not recoverable in any case as a matter of right. If the pleading and evidence so warrant, an issue as to punitive damages should be submitted to the jury. Upon submission thereof, it is for the jury to determine (1) whether punitive damages in *any* amount should be awarded, and if so (2) the amount of the award. These questions are determinable by the jury in its discretion. *Robinson v. McAlhaney,* 214 N.C. 180, 198 S.E. 647; *Worthy v. Knight,* 210 N.C. 498, 187 S.E. 771. The approved practice is to submit separately the issues as to compensatory damages and as to punitive damages. *Cottle v. Johnson,* 179 N.C. 426, 433, 102 S.E. 769.

No North Carolina statute defines the bases for the recovery of punitive damages. The soundness of the doctrine has been challenged and defended. McCormick on Damages, sec. 77. It is challenged because it enables the injured party to recover more than full compensatory damages. Hence, such damages are sometimes called vindictive damages. It is defended as a needed deterrent to wrongdoing in addition to that provided by criminal punishment. Hence, such damages are sometimes called exemplary damages or smart money. *Stacy,*

*C. J.,* in *Worthy v. Knight, supra,* characterized the doctrine as an anomaly; but the many decisions cited in his opinion as well as later decisions give it an established place in our law. Even so, we are not disposed to expand the doctrine beyond the limits established by authoritative decisions of this Court.

Emphasis is frequently given to the presence or absence of evidence of "insult, indignity, malice, oppression or bad motive" in determining the applicability of the doctrine to a particular factual situation. *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785. Earlier cases leave the impression that the doctrine had its genesis in factual situations in which the injured party could show only nominal or negligible actual or compensatory damages notwithstanding he had been grievously wronged.

No decision of this Court dealing directly with the doctrine of punitive damages as applied to an automobile collision case has come to our attention. (*Cf. Foster v. Hyman,* 197 N.C. 189, 148 S.E. 36, where *Adams, J.,* discusses wilful and wanton conduct as a basis for execution against the person.) Our cases deal with libel and slander, assault, fraud, false arrest and malicious prosecution, officious conduct by agents of common carriers, etc. In the recent case of *Lutz Industries, Inc., v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333, where plaintiff's action was grounded on negligence, it was held that the facts alleged were insufficient to support an award of punitive damages.

There is no allegation in the amended complaint under consideration that the conduct of the driver of the Dawson car was either malicious or wilful. No inference can be drawn that such driver intentionally caused the collision.

"In general, exemplary damages may not be recovered in a case involving an ordinary collision caused by negligence on a highway, in the absence of any intentional, malicious or wilful act." 61 C.J.S., Motor Vehicles sec. 560. In the absence of allegation that the conduct was malicious or wilful, there is no basis for submission of an issue as to punitive damages unless the *facts* alleged justify the allegation (by way of conclusion) that the conduct was wanton. *Hansley v. R. R.,* 115 N.C. 602, 20 S.E. 528.

References to *gross* negligence as a basis for recovery of punitive damages may be found in our decisions, e.g., *Horton v. Coach Co.,* 216 N.C. 567, 5 S.E. 2d 828; *Cottle v. Johnson, supra; Stanford v. Grocery Co.,* 143 N.C. 427, 55 S.E. 815. It is noted that the references to *gross* negligence in the *Cottle* and *Stanford cases* are based on *Holmes v. R. R.,* 94 N.C. 318; but the expression used by *Ashe, J.,* in that case, was not gross negligence but "such a degree of negligence as indicates a reckless indifference to consequences." When an injury

is caused by negligence, any attempt to differentiate variations from slight to gross is fraught with maximum difficulty. *Hansley v. R. R., supra.* (Incidentally, *Hansley v. R. R., supra,* which expressly overruled *Purcell v. R. R.,* 108 N.C. 414, 12 S.E. 956, was modified on rehearing, *Hansley v. R. R.,* 117 N.C. 565, 23 S.E. 443, so as to reinstate the decision in the *Purcell case* in relation to its particular facts.) Experience in other jurisdictions confirms this view. Annotation: 98 A.L.R. 267. Moreover, the words "reckless" and "heedless" would seem to import an uncertain degree of negligence somewhat short of wantonness.

An analysis of our decisions impels the conclusion that this Court, in references to gross negligence, has used that term in the sense of wanton conduct. Negligence, a failure to use due care, be it slight or extreme, connotes inadvertence. Wantonness, on the other hand, connotes intentional wrongdoing. Where malicious or wilful injury is not involved, wanton conduct must be alleged and shown to warrant the recovery of punitive damages. Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others. *Wagoner v. R. R.,* 238 N.C. 162, 77 S.E. 2d 701; *McCormick, op. cit.,* sec. 79; *Hintz v. Roberts,* 98 N.J. Law 768, 121 A. 711; *W. T. Sistrunk & Co. v. Meisenheimer,* 205 Ky. 254, 265 S.W. 467; *Cadle v. McHargue,* 249 Ky. 385, 60 S.W. 2d 973; *Smith v. King,* (Ky.) 239 S.W. 2d 955; *Moore v. Wilson,* 180 Ark. 41, 20 S.W. 2d 310; *Goff v. Lubbock Bldg. Products,* (Court of Civil Appeals, Amarillo, Texas) 267 S.W. 2d 201; *Belk v. Rosamond,* 213 Miss. 633, 57 So. 2d 461. These cases from other jurisdictions arise out of automobile collisions.

True, decisions in other jurisdictions are somewhat divergent in the statement of the applicable rule. The divergence is greater in the application to specific factual situations. See cases cited, including those in 1956 Cumulative Pocket Part, relative to 61 C.J.S., Motor Vehicles sec. 560; also, Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 10, sec. 6467.5, and cases cited. In relation to the mass of automobile collision cases, the number of cases bearing on the question before us is surprisingly small.

Now, testing the amended complaint:

The facts alleged in the original complaint as to the cause of collision are brought forward in the amended complaint. The gist of these factual allegations is that the driver of the Dawson car, upon reaching the intersection, suddenly and without warning, made a left turn directly across the path of the oncoming Hinson car. The amended complaint contains this additional allegation, viz.: An allegation, upon information and belief, that the driver of the Dawson car "had defective vision, and was incapable, if he had tried to do so, of seeing and

apprehending the dangers inherent to the operation of a motor vehicle," and that the owner of the Dawson car, codefendant with the driver, "had full knowledge of this defect of vision, and permitted and allowed" the driver, his minor son, to operate his car. The alleged conduct of the driver of the Dawson car, as noted above, is described as in reckless and wanton disregard of and indifference to the rights and safety of Leonard E. Hinson.

True, this additional allegation is made on information and belief; but the amended complaint, including the additional allegation, must be considered in the light most favorable to plaintiff. *Reynolds v. Murph*, 241 N.C. 60, 84 S.E. 2d 273. When so construed, we cannot say that plaintiff had no right, in relation to the facts alleged, to allege that defendants' conduct was wanton and to include a claim for punitive damages in her prayer for relief.

Even so, we are constrained to hold that the following portion of paragraph 16 should have been stricken, viz.: "that in view of the financial worth of the defendants." The court below was supported in overruling the motion to strike this allegation by our decision in *Taylor v. Bakery*, 234 N.C. 660, 663, 68 S.E. 2d 313. While this case continues as authority on all other questions decided therein, upon further consideration we have reached the conclusion that it should be withdrawn as authority as to this particular point.

True, it is well established that evidence as to the financial worth of a defendant is competent for consideration by the jury when an issue as to punitive damages is warranted and submitted. But allegation as to such financial worth is another matter. We have concluded that such an allegation should be stricken as an allegation of evidence rather than of a substantive, ultimate fact. *Daniel v. Gardner*, 240 N.C. 249, 81 S.E. 2d 660. See: 31 N.C.L.R. p. 250; *Lutz Industries, Inc., v. Dixie Home Stores, supra*, p. 345. The matter involved in such allegation is patently prejudicial if plaintiff's evidence proves insufficient to warrant submission of an issue as to punitive damages. It should not be brought to the attention of the jury unless and until the trial judge determines that the *evidence* warrants the submission of such issue. In such event, it becomes competent as evidence relevant to such issue.

Defendants' assignments of error are overruled except as to the quoted allegation relating to their financial worth; but, as to such allegation, their assignment of error is well taken.

The costs on the cross-appeals are taxed, one-half to plaintiff and one-half to defendants.

On plaintiff's appeal, modified and affirmed.

On defendants' appeal, modified and affirmed.