**Lindsay Wade COOPER, Appellant,**

**v.**

**William P. BARTH, Administrator of the Estate of Bryan Franklin Barth, William P. Barth, Administrator W/W/A of the Estate of Rita Barth, Appellee.**

Court of Appeals of Kentucky.

March 5, 1971.

Richard M. Trautwein, Ruben & Trautwein, Frank E. Haddad, Jr., Louisville, for appellant.

Robert L. Tross, Hardy, Logan & Tross, George H. Logan, Hastings, Logan & Metry, Louisville, for appellee.

L. T. GRANT, Special Commissioner.

This is an appeal from so much of a judgment that awarded the sum of $7,500 punitive damages to the personal representative of the estate of Bryan Franklin Barth and the sum of $7,500 punitive damages to the personal representative of the estate of Rita Barth, as a result of an automobile accident that occurred on August 29, 1967. No appeal is taken from the award of compensatory damages to the personal representative of the two estates.

The sole question presented to the court as stated by appellant is whether or not the trial court committed error in permitting the jury to find punitive damages for the estates of the deceased.

The fatal accident occurred on the Kentucky Turnpike in Jefferson County just south of the city limits of Louisville, Kentucky. This is a four-lane interstate highway with two northbound lanes and two southbound lanes, separated by a center median. There are emergency lanes on both sides of the highway. The deceased, Rita Barth, was operating a motor vehicle traveling north on the Kentucky Turnpike and was accompanied by her son, Bryan. The appellant, Lindsay Wade Cooper, was operating a motor vehicle traveling south on the Turnpike. The appellant's motor vehicle crossed the center median and struck the Barth vehicle, causing the death of Rita Barth and her son, Bryan. The

parties agree that the appellant was not capable of testifying in this case to the facts immediately preceding the accident because of traumatic retroactive amnesia.

The evidence from the witness Donald Fullenwider is to the effect that he was traveling south in the left-hand lane on the Turnpike at approximately 70 m.p.h.; that he noticed the Cooper car coming up behind him and it was tailgating him for some distance. Fullenwider went to the right lane and the Cooper vehicle passed him at an estimated speed of 80 m.p.h. and continued to pull away from him. Fullenwider testified that he then saw the brake lights on the Cooper car come on, the rear end raise up, and the car cross the median striking the Barth vehicle.

The witness Barbara Mills testified that she was traveling south on the Turnpike in the right-hand lane, and through her rear-view mirror she saw the Cooper vehicle about a block away. She noticed the Cooper vehicle coming upon her very fast, and she became concerned. She stated that she was scared to death and started to pull off into the emergency lane; that the appellant, Cooper, cut his wheels sharply to pass her and went across the median, striking the Barth vehicle.

The witness Phil McGary testified that he was traveling north on the Turnpike when he heard tires screeching and saw the Cooper vehicle heading to the median out of a line of cars which appeared to be traveling at the same speed.

Prior to the accident, the appellant met some friends for the purpose of taking a boat ride. He and the other young men purchased a bottle of table wine on the way to the boat, and Cooper testified that he consumed less than a glass of this wine. After traveling approximately 14 miles up the river, they purchased a six-pack of beer. Appellant testified that he drank one bottle and a portion of another on the trip back to the boat dock. The appellant, Cooper, then swam for approximately 45 minutes before starting home, at which

time he had the accident. It was within the province of the jury as to whether or not it believed the appellant's testimony regarding the amount he had to drink.

KRS 411.130(1) provides:

"Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased."

This court has recognized that punitive damages are recoverable in an action for wrongful death in the case of Smith v. King, Ky., 239 S.W.2d 955.

We have further defined gross negligence as being something more than the failure to exercise slight care. We have stated that there must be an element either of malice or willfulness or such an utter and wanton disregard of the rights of others as from which it may be assumed the act was malicious or willful. See Sistrunk & Co. v. Meisenheimer, 205 Ky. 254, 265 S.W. 467, and Cadle v. McHargue, 249 Ky. 385, 60 S.W.2d 973.

The trial court in submitting the issue of punitive damages to the jury defined gross negligence as a wanton or reckless disregard for the lives or safety of other persons or a willful or malicious act. The appellant makes no objection to the form of this instruction.

The appellant argues that there is no evidence of any conduct on the part of the appellant which would warrant submitting the issue of punitive damages to the jury and argues that the standard used by the Restatement of the Law of Torts, § 908, Punitive Damages, is outrageous conduct. However, Comment "b" under this section of the Restatement defines outrageous conduct as being acts done with a bad mo-

tive or with a reckless indifference to the interests of others.

We are of the opinion that in this case there was sufficient evidence to justify the trial court's submitting the issue of punitive damages to the jury. There was evidence of drinking, speeding, and reckless driving, which the jury very well could have believed, and which the jury obviously did believe, indicated a wanton and reckless disregard for the lives or safety of other persons, including the witnesses Fullenwider and Mills, as well as the Barth family. We are not saying that any of the above acts standing alone would be sufficient to submit the issue of punitive damages to the jury, but where all three elements are present in the evidence, it is sufficient to submit the issue of punitive damages to the jury.

The judgment is affirmed.

All concur.