Thomas M. PARK, Plaintiff,

v.

SEABOARD SYSTEM RAILROAD,
INC., Defendant.

No. C–C–85–413–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 15, 1986.

Thomas J. Caldwell, Griffin, Caldwell, Helder & Steelman, Monroe, N.C., for plaintiff.

John M. Burtis, Cansler & Lockhart, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Motion of the Defendant, Seaboard System Railroad, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure for entry of partial summary judgment in its favor on the issue of the Defendant's liability for punitive damages. The Plaintiff did not file a response to the Defendant's Motion within the time allowed by the terms of the Pretrial Order entered on July 25, 1985, and he has never requested an extension of time within which to file a response.

Subsection (e) of Rule 56 provides in pertinent part that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations ... of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e). The Defendant's Motion for partial summary judgment was supported as provided in Rule 56. Thus, partial summary judgment on the issue of punitive damages should be entered against the Plaintiff if appropriate after a review of the record, since he has never filed a response as provided in the rule.

The Plaintiff brought this suit for compensatory and punitive damages after a fire resulting from the derailment of the Defendant's train in Marshville, North Carolina on April 10, 1984, destroyed the building which housed the Plaintiff's business. The Defendant has admitted that the loss of the Plaintiff's property was caused by its ordinary negligence. It denies, however, that it acted with malice, gross negligence, willfullness, or reckless and wanton disregard of the safety of others in the operation of its train on April 10, 1984.

A jury cannot award punitive damages without proof of intentional wrongdoing or gross negligence on the part of the Defendant. *See Overnite Transportation Co. v. International Brotherhood of Teamsters,* 257 N.C. 18, 30, 125 S.E.2d 277, 286, *cert. denied,* 371 U.S. 862, 83 S.Ct. 120, 9 L.Ed.2d 100 (1962); *Hinson v. Dawson,* 244 N.C. 23, 27–28, 92 S.E.2d 393, 396–397 (1956). The Court in *Hinson* described

gross negligence as a basis for awarding punitive damages as follows:

> An analysis of our decisions impels the conclusion that this Court, in reference to gross negligence, has used the term in the sense of wanton conduct. Negligence, a failure to use due care, be it slight or extreme, connotes inadvertence. Wantonness, on the other hand, connotes intentional wrongdoing. Where malicious or wilful injury is not involved, wanton conduct must be alleged and shown to warrant the recovery of punitive damages. Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others.

*Id.* at 28, 92 S.E.2d at 396–97.

The Court has carefully reviewed the pleadings and depositions on file and finds that the crew of the train that derailed made numerous good faith efforts to check the safety of the train on April 10, 1984, both in its general inspection of the train and in its response to specific warnings that there appeared to be a defect in the train. There is no evidence to support the Plaintiff's allegations that the Defendant and its agents were guilty of reckless, wanton, gross, and knowing acts of negligence in conscious and intentional disregard of and indifference to the rights of the Plaintiff in their operation of the train that derailed in Marshville.

In the absence of such proof, there is no genuine issue of material fact to submit to the jury as a basis for an award of punitive damages. Thus, entry of summary judgment in the Defendant's favor on the issue of its liability for punitive damages would be appropriate. The only issue that should be submitted to the jury is the question of the amount of compensatory damages that should be awarded as a result of the Defendant's admitted negligence.

NOW, THEREFORE, IT IS ORDERED that the Defendant's Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment in the Defendant's favor on the issue of its liability for punitive damages is *GRANTED.*