**CITY OF MIDDLESBORO,
Kentucky, Appellant,**

v.

**John BROWN and Teresa
Brown, Appellee.**

**No. 2000–SC–0500–DG.**

Supreme Court of Kentucky.

Oct. 25, 2001.

Rehearing Denied Jan. 17, 2002.

Kenneth H. Gilliam, Gilliam Law Office, London, Counsel for Appellant.

Brien G. Freeman, Todd K. Childers, Freeman, Copeland & Childers, Corbin, Counsel for Appellees.

LAMBERT, Chief Justice.

The sole issue in this case is whether the court's instruction on punitive damages was sufficient to apprise the jury of the degree of culpability it was required to find to justify an award of punitive damages. The trial court instructed the jury on awarding punitive damages and defined gross negligence as the failure to exercise slight care.

John and Teresa Brown sued the City of Middlesboro for damages sustained when the Middlesboro Fire Department, "Fire Department," failed to extinguish a fire promptly, resulting in the destruction of the Browns' entire building. The jury found that the Fire Department was negligent and awarded a total of $330,639 in compensatory damages and $100,000 punitive damages. Liability and the amount of compensatory damages are not at issue here.

The Court of Appeals affirmed the trial court's instruction on punitive damages including the definition of gross negligence. The court reasoned that the trial court did not improperly word the punitive damage instruction because

> the jury could reasonably understand that if they made a compensatory award for damages, a punitive award might also be made if the conduct of the Middlesboro Fire Department was gross. Although the gross negligence was defined as failure to use slight care, we are of the opinion that it was sufficient in that the jury could clearly consider the ordinary negligence for the compensatory award, a higher degree of negligence for the punitive award.

Appellant takes issue with this conclusion contending that while the jury may have realized that a higher degree of negligence was required, it may not have understood the level or degree of that negligence. Appellant also contends that the instruction was contrary to prevailing decisional law.

The jury instructions given by the trial court state:

### PUNITIVE DAMAGES [1]

If you found for and awarded the Plaintiffs compensatory damages under these Instructions, you may, in your discretion, award punitive damages against the Defendant, Middlesboro Fire Department.

In awarding punitive damages, if any, you shall take into consideration the following factors:

> A. The likelihood of the time of such gross negligence by the Defen-

---

1. In this opinion we have addressed only the issue raised, i.e., whether gross negligence was properly defined in the instruction. We note however that the instructions given may contain other errors which should not be repeated in the event of retrial. If the evidence is the same or substantially the same upon retrial, we suggest instructing the jury in accordance with § 39.15 of *Kentucky Instructions to Juries* by John S. Palmore.

dant that a serious harm would arise from it;

B. The degree of the Defendant's awareness of that likelihood;

C. The probability of the gross negligence of the Defendant;

D. The duration of the gross negligence of the Defendant;

E. The duration of the gross negligence [and concealment of it] by the Defendant; and

F. The actions by the Defendant to remedy the gross negligence once it became known to it.

## DEFINITION OF GROSS NEGLIGENCE:

GROSS NEGLIGENCE means the failure to exercise slight care.

■ This Court has stated that gross negligence is "something more than the failure to exercise slight care. We have stated that there must be an element either of malice or willfulness or such an utter and wanton disregard of the rights of others as from which it may be assumed the act was malicious or willful." [2] *Horton v. Union Light, Heat and Power Co.*[3] also illuminates the gross negligence definition and sets the standard that should be applied. "In order to justify punitive damages there must be first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by 'wanton or reckless disregard for the lives, safety or property of others.' "[4]

*Kentucky Instructions To Juries* articulates the standard for awarding punitive damages as "if D acted . . . in reckless disregard for the lives, safety or property of others." [5] Gross negligence should be defined as "reckless disregard for the [rights] [lives and safety] of other persons." [6] The comment to this section states that "though 'gross negligence' in the abstract is defined as the absence of slight care, in order to serve as a basis for punitive damages it must be specifically defined to include the essential element of reckless indifference or disregard for the rights of others." [7]

Appellee defends the instruction on the basis that the trial court effectively required a proper finding of gross negligence. However, as the instruction was couched in negative and technical language, the jury could not have properly understood the extent of negligence it was required to find. Simply stated, failure to exercise slight care does not convey to the jury the concept of recklessness. The instructions, as given, failed to communicate that which was required and probably misled the jury.

We do not doubt that a failure to exercise slight care is a proper technical definition of gross negligence. Appellee cites several cases in his brief that quote 'failure of slight care' as the proper definition of gross negligence. While old cases do use this definition, more recent cases have modified it realizing that the recklessness standard more certainly communicates to the jury what it must believe prior to awarding punitive damages.[8]

---

2. *Cooper v. Barth*, Ky., 464 S.W.2d 233, 234 (1971).

3. Ky., 690 S.W.2d 382 (1985).

4. *Id.* at 389–90.

5. 2 JOHN S. PALMORE & RONALD W. EADES, KENTUCKY INSTRUCTIONS TO JURIES § 39.15 (4th ed.1989).

6. *Id.* § 14.07.

7. *Id.* § 14.07 cmt.

8. *See Horton v. Union Light, Heat and Power Co.*, Ky., 690 S.W.2d 382 (1985); *Cooper v. Barth*, Ky., 464 S.W.2d 233 (1971).

This court must reverse the Court of Appeals opinion because "where there is a substantial likelihood the jury was confused or misled by the instructions, reversal is required." [9] Also "when the appellate court cannot determine from the record that the verdict was not influenced by the erroneous instruction, the judgment will be reversed." [10]

We must presume that the jury looked to the definition of gross negligence in its decision to award punitive damages. This was necessary for the jury to take account of all of the factors listed in the instructions. The factors repeatedly refer to gross negligence and for the jury to determine whether and what amount to award, it had to understand the meaning of gross negligence. Accordingly, the opinion of the Court of Appeals is reversed and this cause is remanded for a new trial consistent herewith, and only on the issue of punitive damages.

COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

---

**9.** *McKinney v. Heisel*, Ky., 947 S.W.2d 32, 35–36 (1997) (citing *Drury v. Spalding*, Ky., 812 S.W.2d 713 (1991)).

**10.** *Prichard v. Kitchen*, Ky., 242 S.W.2d 988, 992 (1951).