CAROLYN D. BRAKE v. LEVY HARPER

No. 707SC123

(Filed 27 May 1970)

**Automobiles § 91;  Damages § 11—  negligent operation of automobile while under influence of intoxicants — punitive damages**

In this action for injuries sustained by plaintiff in an automobile accident, the trial court did not err in refusing to submit to the jury the issue of punitive damages where plaintiff's evidence tends to show only that defendant was operating a vehicle immediately behind plaintiff while under the influence of intoxicants, that defendant started to pass plaintiff and observed a vehicle coming toward him, and that defendant cut back into the right lane and struck plaintiff's vehicle in the rear.

APPEAL by plaintiff from *Bundy, J.,* 15 September 1969 Civil Session, NASH Superior Court.

This is a civil action to recover $15,000.00 compensatory damages and $5,000.00 punitive damages for injuries sustained by plaintiff in an automobile accident. Plaintiff's evidence pertinent to this appeal may be stated as follows. About 1:00 a.m. on 8 September 1968 plaintiff left the Progressive Club in Rocky Mount. She was operating her friend's Pontiac automobile. A number of other vehicles departed the Progressive Club at the same time and thereafter proceeded along Atlantic Avenue. Defendant was operating the vehicle immediately behind plaintiff. A white automobile passed both plaintiff and defendant. Defendant then started to pass plaintiff and observed a vehicle coming towards him. He cut back into the right lane and struck plaintiff's vehicle in the rear. In an effort to stop her car, which was about out of control, plaintiff "threw the car in 'PARK' " and the vehicle then turned around in the road. The highway patrolman who investigated the accident testified that, in his opinion, the defendant was under the influence of alcohol when he talked to him at the scene of the accident. The record is silent as to the basis upon which he formed this opinion. He could not remember the results of the breathalyzer test administered to the defendant but did recall that it was less than .10. In apt time plaintiff tendered issues of the defendant's gross and wanton negligence and that of punitive damages. The court only submitted two issues, negligence and compensatory damages. The jury answered both issues in favor of the plaintiff, awarding plaintiff $2,000.00 compensatory damages. Plaintiff appealed.

*Don Evans for plaintiff appellant.*

*Battle, Winslow, Scott and Wiley by Robert Spencer for defendant appellee.*

VAUGHN, J.

The sole question presented by this appeal is whether the court erred in refusing to submit to the jury the issue of punitive damages. Plaintiff candidly states that there is no North Carolina case holding that punitive damages should be allowed when the defendant is operating an automobile while under the influence of alcohol and negligently causes injury to another. In an excellent brief he favors us with decisions from a number of other states which reflect a sharp conflict as to what acts by a defendant may be used to enlarge an award of damages beyond that which will compensate the plaintiff for the injuries suffered. "Punitive damages are never awarded as compensation, but are awarded above and beyond ac-

tual damages in proper instances as punishment inflicted for intentionally wrongful conduct." 3 Strong, N.C. Index 2d, Damages, § 11, p. 179, 180. In *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393, Justice Bobbitt (now C.J.) discusses the matter of punitive damages as follows:

> "No North Carolina statute defines the bases for the recovery of punitive damages. The soundness of the doctrine has been challenged and defended. McCormick on Damages, sec. 77. It is challenged because it enables the injured party to recover more than full compensatory damages. Hence, such damages are sometimes called vindictive damages. It is defended as a needed deterrent to wrongdoing in addition to that provided by criminal punishment. Hence, such damages are sometimes called exemplary damages or smart money. Stacy, C.J., in *Worthy v. Knight, supra,* characterized the doctrine as an anomaly; but the many decisions cited in his opinion as well as later decisions give it an established place in our law. *Even so, we are not disposed to expand the doctrine beyond the limits established by authoritative decisions of this Court."* (Emphasis ours)

The expressed reluctance to expand the doctrine does not, upon a proper showing of wanton conduct, preclude the recovery of punitive damages in an automobile collision case. See *Pearce v. Barham,* 271 N.C. 285, 156 S.E. 2d 290; *Plummer v. Henry,* 7 N.C. App. 84, 171 S.E. 2d 330. Wantonness, however, connotes intentional wrongdoing. *Hinson v. Dawson, supra; Hughes v. Lundstrum,* 5 N.C. App. 345, 168 S.E. 2d 686. Rules which attempt to define the variations or degrees of negligence are more easily recited than applied. We hold, however, that under the facts of this case the court properly declined to submit the issues as to punitive damages.

No error.

CAMPBELL and PARKER, JJ., concur.