RICHARD KENT HUFF, JR. v. HARVEY LOUIS CHRISMON

No. 8323SC350

(Filed 5 June 1984)

**1. Damages § 12.1— punitive damages—sufficiency of complaint**

Plaintiff's complaint was sufficient to state a claim for punitive damages where it set out detailed allegations of negligence and then alleged that defendant's conduct "was willful, wanton, unlawful, culpable and in reckless and total disregard of the foreseeable consequences."

**2. Damages § 11.1— punitive damages against intoxicated drivers**

Punitive damages are recoverable in this state against intoxicated drivers in certain situations without regard to the drivers' motives or intent.

**3. Appeal and Error § 62— compensatory and punitive damages—right to trial before same jury**

Where the trial court erroneously allowed defendant's motion to dismiss plaintiff's claim for punitive damages, a new trial will also be allowed on the issue of compensatory damages since the parties are entitled to have plaintiff's claims for both punitive and compensatory damages heard before the same judge and jury.

**4. Costs § 3; Rules of Civil Procedure § 68— offer of judgment—recovery of less than offer—liability for costs**

Where defendant filed an offer of judgment of $3,000 prior to trial, and the jury ultimately returned a verdict less favorable than the offer, the trial court erred in ordering defendant to pay the costs of the action including all expert witness fees. G.S. 1A-1, Rule 68(a).

APPEAL by plaintiff and cross-appeal by defendant from *Davis, Judge.* Judgment entered 29 October 1982 in Superior Court, YADKIN County. Heard in the Court of Appeals 16 February 1984.

Plaintiff brought this action to recover both compensatory and punitive damages allegedly incurred in an automobile collision. In his answer defendant denied the allegations of negligence and willful and wanton conduct. He pleaded contributory negligence as a defense.

Immediately prior to trial, the court allowed defendant's motion to dismiss the punitive damages claim pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. Defendant thereafter stipulated to liability, and the case proceeded to trial on the one issue of compensatory damages. At the conclusion of the evidence, the jury awarded plaintiff $1,510.40 in damages. Defendant was taxed with the costs of the action including expert witness fees. Both parties have appealed.

*Shore & Hudspeth, by N. Lawrence Hudspeth, III, for plaintiff-appellant-appellee.*

*Everett & Everett, by James A. Everett, for defendant-appellee-appellant.*

ARNOLD, Judge.

Plaintiff has assigned error to the order dismissing his claim for punitive damages. He also assigns error to the denial of his motion to set the verdict aside and for new trial on the grounds that the verdict was against the greater weight of the evidence. Defendant has assigned error to that portion of the judgment taxing him with costs of the action. We agree with plaintiff that the trial court erroneously dismissed the claim for punitive damages. We also find merit to defendant's cross-assignment of error. The judgment is therefore reversed, and the case is remanded for new trial.

Plaintiff first argues that the trial court erred in dismissing his claim for punitive damages and in refusing to allow him to present evidence of defendant's intoxication at the time of the collision. It appears from the record on appeal that the trial court may have dismissed plaintiff's claim for punitive damages on two grounds: (1) that the allegations in plaintiff's complaint were insufficient to state a claim for punitive damages; and (2) that notwithstanding the sufficiency of plaintiff's pleadings, punitive damages may not be assessed against impaired drivers in North

Carolina. We conclude that under the "notice theory" of pleading, plaintiff's complaint sufficiently gave defendant notice of a claim for punitive damages. We also find support in this jurisdiction for the recovery of punitive damages against impaired drivers.

Under the "notice theory" of pleading contemplated by Rule 8(a)(1) of the Rules of Civil Procedure, the complaint need no longer allege facts or elements showing aggravating circumstances which would justify an award of punitive damages.

> A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.

*Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E. 2d 161, 167 (1970).

[1] In the case before us, the plaintiff alleged in his complaint that at approximately 12:15 a.m. on 3 June 1978 his vehicle was approaching the intersection of U.S. Highway 601 and U.S. Highway 421 in Yadkinville in a southward direction. Plaintiff stopped in the left turn lane and waited for the light to turn green. While plaintiff was stopped, defendant approached the intersection from the north, drove his vehicle through the red light and collided with the front of plaintiff's vehicle. Plaintiff further alleged in his complaint:

> 6. That immediately prior to and at the time of the collision herein complained of, defendant was negligent in that he operated said vehicle as follows:

> a. He operated said vehicle without keeping a proper and careful lookout.

> b. He operated said vehicle at a speed greater than was reasonable and prudent under the circumstances then existing.

> c. He failed to keep said vehicle under reasonable and proper control.

> d. He operated said vehicle in a careless and heedless manner with wanton, willful and reckless disregard of the rights and safety of others.

e. He operated said vehicle without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons or property.

f. He failed to stop said vehicle at a duly erected traffic signal, showing red for his direction of travel, in violation of North Carolina General Statute 20-158.

g. He failed to drive said vehicle in the right-hand lane of the highway, in violation of North Carolina General Statute 20-146.

h. He operated said vehicle while under the influence of intoxicating liquor, in violation of North Carolina General Statute 20-138.

7. The collision herein complained of and the resulting injuries to plaintiff as hereinafter set out resulted solely and proximately from the willful, wanton, unlawful, culpable and reckless negligence of defendant.

8. The negligence of defendant as hereinabove set out constitutes the proximate cause of the resulting injuries sustained by plaintiff. . . .

. . . .

10. Defendant's conduct herein complained of was willful, wanton, unlawful, culpable and in reckless and total disregard of the foreseeable consequences and plaintiff is therefore entitled to recover of and from defendant an award of punitive damages in the sum of at least $20,000.00.

These allegations are clearly sufficient to give defendant notice of the events or transactions forming the basis of the claim for punitive damages and to allow him to prepare for trial.

We find support for our conclusion in two recent cases decided by the North Carolina Supreme Court. In *Shugar v. Guill*, 51 N.C. App. 466, 277 S.E. 2d 126, *modified and affirmed*, 304 N.C. 332, 283 S.E. 2d 507 (1981), the plaintiff alleged in his complaint that the defendant, "without just cause, did intentionally, willfully and maliciously assault and batter the plaintiff, inflicting upon him serious and permanent personal injuries. . . ." We held that based on these allegations the trial court improperly denied de-

fendant's motion to dismiss the claim for punitive damages. Our Supreme Court modified the decision noting that under the adoption of the "notice theory" of pleading in the 1970 Rules of Civil Procedure, the pleading was sufficient to state a claim for punitive damages.

In a recent medical malpractice action, the plaintiff set out detailed allegations of negligence in his complaint and then pleaded the issue of punitive damages as follows:

### FOURTH COUNT

48. The negligent acts and omissions of Deen and Hall committed during the course of their professional treatment of Henry were gross and wanton, evidencing a reckless disregard for the rights and safety of their patient Henry.

49. The gross, wanton negligence of Deen and Hall was the direct, proximate cause of the wrongful death of Henry.

50. Because of the intentional or reckless, wanton conduct of Deen and Hall towards Henry, particularly within the context of the physician-patient relationship in which Henry relied upon the professional competence and integrity of those Defendants, Deen and Hall are liable to Plaintiff for substantial punitive damages.

*Henry v. Deen,* 61 N.C. App. 189, 300 S.E. 2d 707 (1983), *rev'd,* 310 N.C. 75, 310 S.E. 2d 326 (1984). Our Court considered these allegations under the new rules regarding notice pleading and concluded that the claim for punitive damages was properly dismissed. In reversing our decision, the Supreme Court held that the foregoing complaint gave sufficient notice of a claim against defendants Deen and Hall for punitive damages.

Plaintiff here sets out detailed allegations of negligence and then alleges that defendant's conduct "was willful, wanton, unlawful, culpable and in reckless and total disregard of the foreseeable consequences. . . ." Pursuant to the Supreme Court's rulings in *Shugar* and *Henry,* the motion to dismiss the claim for punitive damages was improperly allowed.

[2] To resolve the issue of whether punitive damages are recoverable in this State against intoxicated drivers, an examination of the pertinent law in this State and other jurisdictions is

helpful. Approximately 25 jurisdictions have addressed this issue, and a majority of 20 have indicated that recovery is permissible. *See* Comment, *Punitive Damages and the Drunken Driver*, 8 Pepperdine L. Rev. 117 (1980).

North Carolina has recognized the recovery of punitive damages in automobile collision cases where there is an intentional, malicious or wilful act. *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956).

> Where malicious or wilful injury is not involved, wanton conduct must be alleged and shown to warrant the recovery of punitive damages. Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others.

*Id.* at 28, 92 S.E. 2d at 397. In applying these rules of law the *Hinson* court found that a prayer for punitive damages was justified where plaintiff alleged that the defendant driver, who had defective vision, suddenly and without warning made a left turn across the path of the automobile driven by plaintiff's intestate; and that the defendant owner knew about the driver's defective vision and still permitted him to drive.

We have found only one case in our jurisdiction where the issue of punitive damages in an automobile case involving a drinking driver was discussed. In *Brake v. Harper*, 8 N.C. App. 327, 174 S.E. 2d 74, *cert. denied*, 276 N.C. 727 (1970), Judge Vaughn (now Chief Judge), writing for the Court, concluded that punitive damages were proper to punish intentionally wrongful conduct. The court held, however, "that under the facts of this case the court properly declined to submit the issues as to punitive damages." *Id.* at 329, 174 S.E. 2d at 76.

The facts in *Brake* reveal that around 1:00 a.m. plaintiff was operating a vehicle and defendant was driving immediately behind her. A third vehicle passed both parties, and defendant then attempted to pass plaintiff. Upon observing a car approaching him, defendant cut back into the right lane and struck the back of plaintiff's car. At trial the investigating officer testified that, in his opinion, defendant was under the influence of alcohol. No basis was given for this opinion. He admitted that he could not remember the results of defendant's breathalyzer test but did recall that it was below .10.

Commentators have reasoned that this Court in *Brake*, upon deciding that there must be an intent to injure before punitive damages are recoverable, aligned itself with those jurisdictions allowing the recovery of punitive damages against drinking drivers but placing an extremely strict burden of proof upon plaintiffs. *See* Comment, *Punitive Damages and the Drunken Driver*, 8 Pepperdine L. Rev., *supra*, and Note, *TORTS-Damages-The Drinking Driver and Punitive Damages*, 7 Wake Forest L. Rev. 528 (1971). As the latter commentator noted, however, the *Brake* court clearly did not intend to deny punitive damages as a matter of law in all cases involving drinking drivers.

> [A]lthough the North Carolina Court of Appeals did not explore the possibility of awarding punitive damages in any other set of circumstances involving a drinking driver than that set out in *Brake*, neither did the court slam the door completely on the issue. The court points out that its holding is based on the particular facts in the *Brake* case. The facts in *Brake* tend to point up a dubious factor, that of the investigating officer's opinion regarding the defendant driver's intoxication which was unconfirmed through failure to introduce into evidence the exact results of the breathalyzer test. Thus, the *Brake* decision is not apparently implicative of a growing disfavor of the doctrine of punitive damages in North Carolina, but rather of a conservative application.

*Id.* at 538.

After examining *Brake v. Harper, supra,* and *Hinson v. Dawson, supra,* we believe that the language therein is not inconsistent with the application of the doctrine of punitive damages against impaired drivers in certain situations without regard to the drivers' motives or intent.

In *Hinson v. Dawson, supra,* the court emphasized that wanton conduct may warrant the recovery of punitive damages and defined such conduct as being "in conscious and intentional disregard of and indifference to the rights and safety of others." *Id.* at 28, 92 S.E. 2d at 397. Licensed drivers are aware that driving while intoxicated threatens the safety of others. A driver who drinks excessively and then drives his automobile at a high rate of speed on a busy street crowded with pedestrians would clearly be exhibiting wanton conduct. Although the court in *Brake v.*

*Harper, supra,* equated intentional wrongdoing with wantonness, we reiterate that its decision to affirm the lower court's denial of punitive damages appears to have been based more on the conduct of the defendant driver and particularly the lack of evidence regarding defendant's intoxication rather than defendant's motive or intent.

Our rationale for the application of the doctrine of punitive damages against impaired drivers in certain situations where there is no intentional injury was expressed by the Superior Court of Pennsylvania in *Focht v. Rabada,* 217 Pa. Super. 35, 268 A. 2d 157 (1970). In reversing the lower court's denial of punitive damages as a matter of law, the Pennsylvania court stated, "[w]e believe that driving while under the influence of intoxicating liquor with its very great potential for harm and serious injury may under certain circumstances be deemed 'outrageous conduct' and 'a reckless indifference to the interests of others' sufficient to allow the imposition of punitive damages." *Id.* at 40, 268 A. 2d at 160. The court continued, "In certain factual circumstances the risk to others by the drunken driver may be so obvious and the probability that harm will follow so great that outrageous misconduct may be established without reference to motive or intent." *Id.* at 41, 268 A. 2d at 161.

In the case before us, plaintiff was not allowed to introduce any evidence regarding the conduct of the defendant including his intoxicated condition. Since plaintiff properly pleaded a claim for punitive damages, this evidence was erroneously excluded. On retrial the court may direct a verdict in defendant's favor on the punitive damages claim only after such evidence is presented and the court determines that the evidence, when considered in the light most favorable to plaintiff, is insufficient to carry the issue of punitive damages to the jury. *Shugar v. Guill,* 304 N.C. 332, 283 S.E. 2d 507 (1981).

There appears to be a growing trend in this State to maximize the punishment and deterrence which impaired drivers are subjected to. This trend is seen in the recent enactment of the "Safe Roads Act" with its stiff penalties for impaired drivers. G.S. 20-138.1 *et seq.* N.C. Session Laws (1983). This State's growing concern and outrage stemming from injuries and deaths caused by impaired drivers is further seen in our courts' recognition of a common law dram shop liability.

In *Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E. 2d 584, *disc. rev. denied*, 309 N.C. 191, 305 S.E. 2d 734 (1983), we held "that a licensed provider of alcoholic beverages for on-premises consumption may be held liable for injuries or damages proximately resulting from the acts of persons to whom beverages were illegally furnished while intoxicated." *Id.* at 2, 303 S.E. 2d at 586. We, therefore, reversed the order dismissing plaintiff's complaint for both compensatory and *punitive damages*. Pursuant to the "Safe Roads Act," a person who negligently sells alcohol to an underage minor is now subject to civil liability in an amount up to $500,000, if that minor has an accident while driving impaired. G.S. 18B-121 *et seq.* N.C. Session Laws (1983).

We believe that punitive damages, when used in conjunction with the sanctions of the "Safe Roads Act," are consistent with the trend to maximize punishment and deterrence of impaired drivers and would have a far-reaching impact.

[3] Plaintiff has also assigned error to the trial court's failure to set aside the $1,510.40 verdict for compensatory damages and to allow a new trial. Plaintiff claims that the verdict was against the greater weight of the evidence. We need not consider the sufficiency of the evidence, since we conclude that the parties are entitled to have plaintiff's claims for both punitive and compensatory damages heard before the same judge and jury.

The North Carolina Supreme Court has applied this reasoning in situations where plaintiff has taken an immediate appeal from the dismissal of his claim for punitive damages. *Newton v. Insurance Co*, 291 N.C. 105, 229 S.E. 2d 297 (1976). The Court noted that since the interlocutory order dismissing plaintiff's claim for punitive damages affected a "substantial right" of plaintiff, the order was immediately appealable under both G.S. 1-277 and G.S. 7A-27(d). *Id.* at 109, 229 S.E. 2d at 300. *See also, Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976).

## Defendant's Cross-Appeal

[4] In the judgment awarding plaintiff compensatory damages, the court ordered defendant to pay the costs of the action including all expert witness fees. Defendant assigns error to the assessment of the costs against him. Both the facts and law support his position.

The record on appeal shows that prior to trial defendant filed an offer of judgment in the amount of $3,000. Plaintiff rejected this offer, and the jury ultimately returned a verdict less favorable than the offer. Rule 68(a) of the Rules of Civil Procedure provides: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *See, e.g., Purdy v. Brown*, 307 N.C. 93, 296 S.E. 2d 459 (1982). Pursuant to this Rule, the costs were erroneously assessed against defendant. However, since we are reversing the judgment and remanding the matter for new trial on both claims for damages, the assessment of costs will depend upon the judgment finally obtained by plaintiff. *Scallon v. Hooper*, 58 N.C. App. 551, 293 S.E. 2d 843, *cert. denied*, 306 N.C. 744, 295 S.E. 2d 480 (1982).

Reversed and remanded.

Judges WHICHARD and BECTON concur.