DEWEY LEWIS IVEY AND WIFE, WENDY IVEY, PLAINTIFFS v. LEW ANN ROSE, DEFENDANT AND THIRD-PARTY PLAINTIFF v. JOHN ROSS BRYANT, THIRD-PARTY DEFENDANT

No. 8811SC1084

(Filed 1 August 1989)

## Damages § 11.1— automobile accident—driving while impaired— sufficiency of evidence to submit punitive damages issue

Defendant's operation of a motor vehicle while impaired in violation of N.C.G.S. § 20-138.1 and failure of four sobriety tests evidenced a wilful and wanton disregard for plaintiffs' rights sufficient to warrant the submission of the issue of punitive damages to the jury in plaintiffs' action to recover for damages arising from an automobile accident.

APPEAL by plaintiffs from *Brewer, Coy E., Judge.* Judgment entered 15 January 1988 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 18 April 1989.

Plaintiffs instituted this action to recover for personal injuries, loss of consortium, and other damages which arose out of an automobile accident between plaintiff, Dewey Lewis Ivey, and defendant Lew Ann Rose.

*Lucas & Bryant, P.A., by Robert W. Bryant, Jr., for plaintiff-appellants.*

*Spence and Spence, P.A., by Robert A. Spence, Sr., for defendant-appellee.*

JOHNSON, Judge.

On 19 July 1986, two cars, one operated by John Ross Bryant and the other by Dewey Lewis Ivey, were involved in a minor collision on State Road 1168 three miles west of Benson, North Carolina. After the police had arrived, investigated the accident, and then left the scene of the accident, Dewey Ivey remained on the scene to assist the third-party defendant, John Bryant, in starting Bryant's vehicle. Ivey partially placed himself between the two vehicles so that he could jump start Bryant's battery. While he was standing in this position, defendant Lew Ann Rose approached the scene in her vehicle from a southerly direction, traveling at approximately forty-five miles per hour. She uninten-

tionally drove her vehicle into the rear of Bryant's vehicle. As a result, Bryant's vehicle rammed into Ivey's vehicle, and Dewey Ivey's legs were crushed between the bumpers of the two cars. Upon impact, he was thrown several yards and landed on his back in an adjacent field.

As a result of the collision, Ivey's right leg was fractured. After the treatment process was complete, he was assigned a fifteen percent permanent partial disability of his right leg. During the recuperation period, approximately five months, Ivey and his wife slept in separate bedrooms and did not engage in sexual intercourse.

A chemical analysis was administered on Lew Ann Rose's breath after the accident, and the lower of the two readings taken was .18. A reading of .10 constitutes legal impairment in this jurisdiction. G.S. sec. 20-138.1.

At trial, the jury determined that defendant Rose's negligence caused Ivey's injury, but that Ivey was contributorily negligent. The jury also found that defendant Rose had the last clear chance to avoid the accident and awarded Ivey $7,000.00 in compensatory damages, and $1,000.00 to his wife for loss of consortium. The court denied plaintiffs' request that the issue of punitive damages be submitted to the jury. The action against the third-party defendant John Ross Bryant was dismissed with prejudice.

The plaintiffs filed a motion for a new trial. Upon the denial of this motion, plaintiffs appealed.

By this appeal plaintiffs bring forth two questions for review which address the same issue, whether the trial court erred by refusing to submit the issue of punitive damages to the jury. Plaintiffs contend that defendant Rose's operation of a motor vehicle in violation of G.S. sec. 20-138.1, and failure of all four sobriety tests, evidenced a wilful and wanton disregard for plaintiffs' rights sufficient to warrant the submission of the issue of punitive damages to the jury. We agree with plaintiffs and therefore reverse the trial court's judgment on the issue of damages due to its refusal to submit the issue of punitive damages to the jury.

The leading case addressing this issue, *Huff v. Chrismon*, 68 N.C. App. 525, 315 S.E. 2d 711, *disc. rev. denied*, 311 N.C. 756, 321 S.E. 2d 134 (1984), presents an in-depth analysis of the status of the law in this and other jurisdictions pertaining to assessing

punitive damages against impaired drivers. In *Huff*, this Court reversed the judgment which dismissed plaintiff's claim for punitive damages. The pertinent facts of *Huff* are that while plaintiff's vehicle was stopped at an intersection in the left turn lane waiting for the light to turn green, defendant approached the intersection from the north, drove through the red light, and collided with the front of plaintiff's vehicle. At trial, plaintiff was not allowed to introduce evidence of defendant's intoxicated condition, and this Court held that this was error.

The Court, quoting *Hinson v. Dawson*, 244 N.C. 23, 28, 92 S.E. 2d 393, 397 (1956), stated the following:

Where malicious or wilful injury is not involved, wanton conduct must be alleged and shown to warrant the recovery of punitive damages. *Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others.*

*Huff* at 530, 315 S.E. 2d at 713 (emphasis added).

The *Hinson* Court found that the trial court properly denied defendants' motion to strike portions of plaintiff's amended complaint stating a claim for the recovery of punitive damages. Defendant driver's act of operating a vehicle with the knowledge that his vision was defective, and defendant owner's act of allowing his vehicle to be operated by a person whose vision he knew was impaired, were held sufficient to support an allegation of wanton conduct and a claim for punitive damages.

According to the facts in the case *sub judice*, defendant had been to a six-hour music event just prior to the accident, and had consumed several beers throughout the day. She could not recall exactly how many beers she had drunk, but testified in her deposition that she had her last beer at about 7:00 p.m. that day. The accident occurred at around 8:30 or 9:00 p.m.

M. C. Whitley, the investigating officer, testified to the following concerning defendant's condition at the accident scene:

Her face was flushed, eyes were glassy, and she had an odor of alcohol on her breath when I was talking to her, wasn't steady on her feet. I asked her was she driving. In my opinion she was impaired, so I put her in my vehicle and charged her with driving while impaired.

He also testified about the field sobriety tests he administered to her as follows:

> Well, I asked her to do the one-leg-stand test. She was unable to do that. I gave her the finger-to-nose test. That's where you touch your finger to the tip of your nose. She completely missed her nose with her left hand. She did touch it with her right, but was hesitant or slow about doing it. Sway test, stand with your head tilted back and your eyes closed. Wobbly with that. I gave her the walk-and-turn test. On the turning she had to reach out for support when she turned. On the divided attention part, she was almost falling. She had to catch herself to keep from falling.

Trooper Alton J. Renfrow testified from a police record that he administered the breathalyzer test on the defendant on the day in question, 19 July 1986. The lower reading of the chemical analysis was .18.

We believe that the evidence in this case is sufficient for plaintiffs to meet their "extremely strict burden of proof" on the issue of defendant's intoxication. *Huff* at 531, 315 S.E. 2d at 714. Unlike *Brake v. Harper*, 8 N.C. App. 327, 174 S.E. 2d 74, *cert. denied*, 276 N.C. 727 (1970), where this Court refused to submit the issue of punitive damages to the jury, primarily because no basis was given for the officer's opinion that the defendant was impaired, the evidence in the case *sub judice* to that effect is ample.

Defendant's intentional act of driving while impaired in violation of G.S. Sec. 20-138.1 is sufficiently *wanton* within the meaning of *Hinson, supra,* and *Brewer v. Harris*, 279 N.C. 288, 297, 182 S.E. 2d 345, 350 (1971) (quoting *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37-38 (1929)) which states "[a]n act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." The act of driving while impaired is a *wanton* act. The driver's motive or intent in relation to the damages he causes as a result is wholly irrelevant.

It is for the foregoing reasons that we reverse the trial court's judgment and order a new trial on the issue of punitive damages.

New trial.

Judges BECTON and ORR concur.