PHYLLIS DENISE HOWARD, RICHARD LEE HERRING, JOSHUA JAY HOWARD, BY HIS GUARDIAN AD LITEM CHESTER C. DAVIS, JOHNNIE JAY HOWARD AND NANCY HOWARD v. JAMES ANDREW PARKER, KELVIN DENARD LONG, MARSHALL T. WILLS AND JEAN WILLS

No. 8821SC1317

(Filed 5 September 1989)

**Automobiles and Other Vehicles § 91.5— automobile collision—intoxication alleged—punitive damages not submitted to jury**

In an action to recover for personal injury and property damage resulting from an automobile collision, allegations of

intoxication alone are not a sufficient basis to permit a punitive damages claim to be submitted to the jury.

APPEAL by plaintiff from *Ross, Judge*. Judgment entered 23 August 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 June 1989.

This is a civil case in which the plaintiffs seek compensatory and punitive damages for personal injury and property damage resulting from an automobile collision. Defendant alleged contributory negligence. The trial court entered summary judgment for the defendant on the punitive damages claim.

At about 4:00 p.m. on 21 June 1987 plaintiff Phyllis Howard was driving south in the 1700 block of Pleasant Street in Winston-Salem in a 1983 Chevette owned by plaintiff Johnnie Howard. Plaintiffs Richard Herring and Joshua Howard, a minor, were passengers. Plaintiff Nancy Howard is Joshua's mother. Defendant James Parker was parked in a 1973 green Cadillac on the west curb of Pleasant Street facing north against a southbound flow of traffic in the nearest or west lane. Two vehicles, a car and a black van, were parked immediately in front of Parker facing south. As Ms. Howard proceeded south on Pleasant Street, the defendant edged his northbound car from in front of the van into the plaintiff's southbound lane of traffic. The cars collided head-on.

In her deposition Ms. Howard testified that the black van blocked her vision of Parker's car, and that she did not see Parker's car until the collision occurred. Richard Herring's deposition agreed.

Similarly, in his deposition Parker stated: "I had to pull out into the traffic to see what was coming, 'cause it's hard to see where I was parked at. And so as I was pulling out into the traffic, she came up, but it was—she was up on me too fast before I could back back in there, and we just hit head on." Parker also admitted that he had consumed two twelve ounce beers before noon that day and a third twelve ounce beer while at home for lunch, that he refused to take a breathalyzer test, and that he pled guilty to driving while impaired under the misapprehension that he was pleading guilty to failing to take the breath analysis test. As a result of his guilty plea, Parker was fined $1,085 and served 14 days in jail.

Counsel for plaintiffs stipulated that pending claims against Kelvin Long, Marshall Wills, and Jean Wills will be dismissed after

this appeal is determined. Counsel also stipulated that the claims of Joshua and Nancy Howard "have been resolved and that said claims are no longer in dispute." Additionally, both Richard Herring and Johnnie Howard filed voluntary dismissals with prejudice. The matters remaining are Phyllis Howard's claim for compensatory and punitive damages against James Parker. Phyllis Howard appeals the trial court's entry of summary judgment on the punitive damages claim.

*Peebles & Schramm, by John J. Schramm, Jr., for plaintiff-appellant.*

*Petree Stockton & Robinson, by Robert J. Lawing and Jane C. Jackson, for defendant-appellee.*

EAGLES, Judge.

Plaintiff contends the trial court erred in granting summary judgment for the defendants. We disagree and affirm the court below.

I

Initially, we recognize this is an interlocutory appeal under both G.S. 1-277 and G.S. 7A-27. "Both G.S. 1-277 and G.S. 7A-27(d) provide for immediate appeal of a judicial order or determination that affects a substantial right." *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982). "Since the order of the trial court dismissing plaintiff's claim for punitive damages did affect a 'substantial right' of the plaintiff . . ." this appeal is properly before us. *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 109, 229 S.E.2d 297, 300 (1976).

II

Summary judgment is proper when there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980). Summary judgment is "designed to allow a 'preview' or 'forecast' of the proof of the parties in order to determine whether a jury trial is necessary." *Loy v. Lorm Corp.*, 52 N.C. App. 428, 437, 278 S.E.2d 897, 903-04 (1981). "The determination of what constitutes a 'genuine issue as to any material fact' is often difficult." *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). A genuine issue is one which can be maintained by substantial evidence. *Koontz v. City*

*of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). A party may show that there is no genuine issue as to any material fact by showing that the party with the burden of proof in the action cannot produce substantial evidence which would allow that issue to be resolved in his favor. *Best v. Perry*, 41 N.C. App. 107, 109, 254 S.E.2d 281, 284 (1979).

The critical issue, then, is whether there is substantial evidence to support the plaintiff's punitive damage claim.

> Punitive damages, as the descriptive name clearly implies, are awarded as a punishment. They are never awarded as compensation. . . . "They are given to the plaintiff in a proper case, not because they are due, but because of the opportunity the case affords the court to inflict punishment for conduct intentionally wrongful." [Citation omitted.] Punitive damages are never awarded merely because of a personal injury inflicted nor are they measured by the extent of the injury; they are awarded because of the outrageous nature of the wrongdoer's conduct.

*Cavin's, Inc. v. Atlantic Mut. Ins. Co.*, 27 N.C. App. 698, 701-02, 220 S.E.2d 403, 406 (1975).

> In personal injury cases sounding in negligence punitive damages cannot be awarded where the defendant's wrong amounted to no more than ordinary negligence; they can only be awarded where there is a higher level of misconduct, such as wilfulness, wantonness or recklessness that indicates at least an indifference to or a disregard for the rights and safety of others.

*Hunt v. Hunt*, 86 N.C. App. 323, 327, 357 S.E.2d 444, 447, *aff'd*, 321 N.C. 294, 362 S.E.2d 161 (1987).

Applying the foregoing principles of law to the instant case we believe the trial court correctly removed the punitive damages issue from the jury. Here the plaintiff relies on the defendant's alleged intoxication as the basis of her punitive damages claim. While we find that intoxication is a factor to be considered in determining whether a punitive damages claim should reach the jury, "we are not disposed to expand [the bases for the recovery of punitive damages] beyond the limits established by authoritative decisions of [our appellate courts]." *Craven v. Chambers*, 56 N.C. App. 151, 159, 287 S.E.2d 905, 910 (1982), *quoting Hinson v. Dawson*, 244 N.C. 23, 27, 92 S.E.2d 393, 396 (1956). That task lies solely

within the province of the General Assembly. Consequently, in the absence of additional legislation, we conclude that allegations of intoxication alone are not a sufficient basis to permit a punitive damages claim to be submitted to a jury.

Likewise we are not persuaded that the defendant's intent to turn into the lane of traffic was itself a wanton act. "[T]hough the vast majority of motor vehicular collisions result from intentional turns or acts of one kind or another, only a small percentage of such acts exceed the level of ordinary negligence." *Nance v. Robertson*, 91 N.C. App. 121, 124, 370 S.E.2d 283, 285, *rev. denied*, 323 N.C. 477, 373 S.E.2d 865 (1988).

Plaintiff's reliance on *Huff v. Chrismon*, 68 N.C. App. 525, 315 S.E.2d 711, *rev. denied*, 311 N.C. 756, 321 S.E.2d 134 (1984), is misplaced. In *Huff*, the plaintiff sought compensatory and punitive damages for injuries resulting from an automobile collision where the defendant was intoxicated. There the trial court allowed the defendant's Rule 12(b)(6) motion to dismiss. This court reversed, holding that earlier case law was "not inconsistent with the application of the doctrine of punitive damages against impaired drivers in certain situations without regard to the driver's motives or intent." *Id.* at 531, 315 S.E.2d at 714. However, the court went on to point out that the plaintiff there was never afforded the opportunity "to introduce any evidence regarding the conduct of the defendant including his intoxicated condition." *Id.* at 532, 315 S.E.2d at 715. In the instant case, the plaintiff has had an opportunity to present evidence to show a basis for her punitive damages claim. However, the evidence presented "at best discloses a breach of defendant's duty to exercise ordinary care." *Jarvis v. Sanders*, 34 N.C. App. 283, 286, 237 S.E.2d 865, 867 (1977).

*King v. Allred*, 76 N.C. App. 427, 333 S.E.2d 758, *rev. denied*, 315 N.C. 184, 337 S.E.2d 857 (1985) is also distinguishable. In *King*, the court found substantial evidence to warrant submission of a punitive damages issue to the jury. The defendant readily admitted her intoxication on cross-examination and clearly displayed a wanton disposition. She testified:

> I could feel the effects of the beer on me as I started driving my automobile out onto the road and down the service road. As I proceeded down the roadway, I was intoxicated

to the extent I was unable to operate my car in a careful and proper manner.

* * *

I knew I was drunk before I got into the car. I didn't think about whether I could operate the car safely or not when I got in. I knew I was drunk. Knowing I was drunk, I got behind the wheel of the car.

*Id.* at 431, 333 S.E.2d at 760.

We note that *Ivey v. Rose*, 94 N.C. App. 773, 776, 381 S.E.2d 476, 478 (1989), contains language which states that:

Defendant's intentional act of driving while impaired in violation of G.S. 20-138.1 is sufficiently *wanton* within the meaning of *Hinson, supra,* and *Brewer v. Harris,* 279 N.C. 288, 297, 182 S.E.2d 345, 350 (1971) (quoting *Foster v. Hyman,* 197 N.C. 189, 191, 148 S.E. 36, 37-38 (1929)) which states "[a]n act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others. . . ." The act of driving while impaired is a *wanton* act. The driver's motive or intent in relation to the damages he causes as a result is wholly irrelevant.

In *Ivey* we note that there was a rear-end collision in which defendant's vehicle, traveling at about 45 miles per hour, rammed into plaintiff's standing vehicle, the defendant had a breathalyzer reading of .18 and had failed four sobriety performance tests, and the evidence from the investigating officer that defendant's face was flushed, her eyes were glassy and that she was not steady on her feet. In the officer's opinion defendant Rose was impaired.

Here the evidence does not support a finding of wantonness: there is no breathalyzer reading, though defendant pleaded guilty to driving while impaired and admitted having consumed three beers earlier in the day. The complaint alleging impairment is not verified; there are no affidavits or depositions of witnesses to the defendant's impairment. Though the accident report is part of the record, it is not clear what the officer's notations on the report indicate regarding drinking by defendant and impairment.

Accordingly, we believe that *Ivey, supra,* like *King* and *Huff,* is distinguishable on its facts and that summary judgment on the punitive damages claim was proper based on the record before us.

III

Finally, because of our disposition of the summary judgment issue, we need not reach the constitutional issue raised by the defendants.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges PARKER and ORR concur.