McNEILL v. HOLLOWAY

[141 N.C. App. 109 (2000)]

———————

ALTON D. McNEILL, PLAINTIFF-APPELLANT v. JAMES C. HOLLOWAY, DEFENDANT-APPELLEE

No. COA99-1619

(Filed 19 December 2000)

1. **Appeal and Error— preservation of issues—punitive damages**

Plaintiff properly preserved the punitive damages issue for appellate review in an automobile collision negligence case by assigning error to the trial court's refusal to submit the issue of punitive damages to the jury because it encompasses the trial court's grant during the jury charge conference of defendant's motion for a directed verdict on the issue of punitive damages.

2. **Motor Vehicles— driving while intoxicated—accident—punitive damages—no showing of willful or wanton conduct**

The trial court did not err in an automobile collision negligence case by granting defendant's motion for a directed verdict on the issue of punitive damages even though plaintiff submitted evidence of defendant's driving while intoxicated, because: (1) while the intentional act of driving while impaired in violation of the impaired driving statute is sufficiently wanton to warrant punitive damages, allegations of intoxication alone are not a sufficient basis to permit a punitive damages claim to be submitted to a jury; and (2) plaintiff failed to carry his burden of proof that intoxication of defendant while driving rose to the level of willful

or wanton conduct since the only evidence of wanton conduct as a result of driving while intoxicated comes from the testimony of plaintiff and of the officer investigating the collision that both smelled alcohol on the breath of defendant at the scene of the collision, plaintiff described some slurring of speech, and the officer testified he gave field sobriety tests but does not remember which tests that defendant performed or how well defendant had actually performed them.

Appeal by plaintiff from judgment entered 10 September 1999 by Judge James F. Ammons, Jr. in Harnett County Superior Court. Heard in the Court of Appeals 8 November 2000.

*Brent Adams & Associates, by Brenton D. Adams, for plaintiff-appellant.*

*Smith Law Offices, P.C., by Christopher N. Heiskell, for defendant-appellee.*

McGEE, Judge.

Plaintiff appeals the refusal of the trial court to submit to the jury an issue of punitive damages in an automobile collision negligence case. For the reasons stated below, we affirm the judgment of the trial court.

Plaintiff's automobile and defendant's pickup truck collided at the intersection of West Trade Street and Montgomery Avenue in Charlotte, North Carolina at 8:50 p.m. on the rainy night of 17 February 1995. Plaintiff filed this action seeking compensatory damages and punitive damages on 23 January 1998.

This case was tried before a jury on 9 and 10 August 1999. Plaintiff testified at trial that immediately after the collision, defendant approached plaintiff's vehicle. Plaintiff rolled down his window and spoke with defendant. Plaintiff stated that he smelled alcohol on defendant's breath and noticed that defendant's speech was slurred.

Plaintiff also introduced evidence at trial in the form of portions of a deposition of the police officer who investigated the collision on the night of 17 February 1995. The officer testified that after reviewing the accident report he prepared following the collision, the only specific recollections he had of defendant were that defendant had alcohol on his breath, and that defendant was cooperative and per-

formed certain psycho-physical tests used to gauge his level of intoxication. However, the officer did not recall which tests defendant performed, nor the results of those tests except that they "would have been performed unsatisfactorily." The officer testified that he formed an opinion that defendant "consumed a sufficient amount of alcohol that his physical abilities may be appreciably impaired[,]" and that his opinion was based on "[t]he odor of alcohol on [defendant's] breath, and . . . most likely with his psycho physical tests."

The trial court granted plaintiff's motion for a directed verdict on the issue of negligence and granted defendant's motion for a directed verdict on the issue of punitive damages. The jury awarded plaintiff $1,000.00 in compensation for his injuries. Plaintiff appeals the trial court's directed verdict on the issue of punitive damages. Plaintiff argues that he presented sufficient evidence of defendant's wanton behavior due to defendant's driving while intoxicated to require the trial court to submit an issue of punitive damages to the jury.

[1] Defendant asserts that plaintiff failed to properly preserve the punitive damages issue for appellate review in that plaintiff did not assign error to the trial court's granting of defendant's motion for directed verdict. The record shows that plaintiff instead assigned error to the trial court's refusal to submit an issue of punitive damages to the jury. Defendant argues that once the motion for a directed verdict was granted, submission to the jury of the issue of punitive damages became moot.

We disagree with defendant's argument and find that plaintiff adequately preserved the issue of punitive damages for review. A motion for a directed verdict pursuant to N.C. Gen. Stat. § 1A-1, Rule 50(a) "presents the question of whether plaintiff's evidence is sufficient to submit to the jury." *Tin Originals, Inc. v. Colonial Tin Works, Inc.,* 98 N.C. App. 663, 665, 391 S.E.2d 831, 832 (1990) (citations omitted). We therefore find that plaintiff's assignment of error to the trial court's refusal to submit an issue of punitive damages to the jury encompasses the trial court's grant, during the jury charge conference, of defendant's motion for a directed verdict on the issue of punitive damages.

[2] Our Court found no error in a trial court's refusal to submit an issue of punitive damages to the jury in *Brake v. Harper,* 8 N.C. App. 327, 174 S.E.2d 74 (1970), where the only evidence of wanton conduct due to driving while intoxicated came in the form of testimony from

McNEILL v. HOLLOWAY

[141 N.C. App. 109 (2000)]

the highway patrolman who investigated the automobile collision. The patrolman testified that, in his opinion, the defendant was under the influence of alcohol when he talked to him at the scene of the collision. However, the record was silent as to the basis for the patrolman's opinion, and the patrolman could not remember the results of the breathalyzer test he administered to the defendant other than that it was under .10.

While the "intentional act of driving while impaired in violation of [the impaired driving statute] is sufficiently *wanton*" to warrant punitive damages, *Ivey v. Rose*, 94 N.C. App. 773, 776, 381 S.E.2d 476, 478 (1989) (emphasis in original), "allegations of intoxication *alone* are not a sufficient basis to permit a punitive damages claim to be submitted to a jury." *Howard v. Parker*, 95 N.C. App. 361, 365, 382 S.E.2d 808, 810 (1989) (emphasis added). In *Ivey*, we found error in the trial court's refusal to submit an issue of punitive damages to the jury where the defendant testified that she had been drinking all day, up until about two hours before the accident. The police officer who investigated the accident testified in detail as to how the defendant failed the four psycho-physical sobriety tests he gave her and described the defendant, saying:

> Her face was flushed, eyes were glassy, and she had an odor of alcohol on her breath when I was talking to her, wasn't steady on her feet. . . . In my opinion she was impaired, so I put her in my vehicle and charged her with driving while impaired.

*Ivey*, 94 N.C. App. at 775-76, 381 S.E.2d at 478. Another officer testified that he administered a breathalyzer test to the defendant, and that the lowest reading was .18, well in excess of the legal limit of .10. *Id.* at 776, 381 S.E.2d at 478.

In *Howard*, on the other hand, we affirmed the trial court's summary judgment removing the issue of punitive damages from the jury. In *Howard*, the defendant refused to take a breath analysis test after the accident and pleaded guilty to driving while impaired under the mistaken belief that he was pleading guilty to refusing to take the breath analysis test. *Howard*, 95 N.C. App. at 362, 382 S.E.2d at 809.

> Here the evidence does not support a finding of wantonness: there is no breathalyzer reading, though defendant pleaded guilty to driving while impaired and admitted having consumed three beers earlier in the day. The complaint alleging impairment is not

verified; there are no affidavits or depositions of witnesses to the defendant's impairment.

*Id.* at 366, 382 S.E.2d at 811.

In *Boyd v. L. G. DeWitt Trucking Co.*, 103 N.C. App. 396, 405 S.E.2d 914 (1991), we affirmed the trial court's denial of the defendant's motion for a directed verdict on the plaintiff's claim for punitive damages. Our Court found that the plaintiff's evidence was "sufficient to support a jury finding that [the defendant's] conduct 'manifested a reckless indifference to the rights of others.' " *Id.* at 402, 405 S.E.2d at 919.

> The plaintiff's evidence tended to show that [the defendant] was intoxicated at the time of the accident, that he was traveling in excess of the posted speed limit, with a fully-loaded [tractor-trailer] rig and with an unauthorized female passenger, and that no attempt was made to avoid the accident prior to its occurrence. In addition, even though [the defendant] was traveling on a straight, if somewhat hilly road, his own testimony reveals that he did not see the decedent's vehicle until an instant before the collision.

*Id.* at 402, 405 S.E.2d at 918-19. The evidence of the defendant's intoxication included: (1) an eyewitness who testified that he smelled alcohol on the defendant following the accident; (2) an emergency medical technician who testified that he smelled an odor of alcohol on the defendant as he was helping the defendant into an ambulance; (3) a nurse who happened upon the scene of the accident who testified that she smelled alcohol on the defendant's person and that he looked as if "he might be going to fall down any minute[,]" *id.* at 402-03, 405 S.E.2d at 919; and (4) a service station attendant who testified that he saw the defendant drinking a beer less than an hour before the accident, *id.* at 403, 405 S.E.2d at 919, that he had been slapped by the defendant during an ensuing argument, and that "in his opinion, [the defendant] should not have been driving that night, due to his intoxication." *Id.* at 399, 405 S.E.2d at 917.

In the case before us, the only evidence of wanton conduct due to driving while intoxicated comes from the testimony of plaintiff and of the officer investigating the collision. Both plaintiff and the officer testified that they smelled alcohol on the breath of defendant at the scene of the collision. Plaintiff further described some slurring of defendant's speech. The officer testified that he formed an opinion

that defendant's physical abilities *"may* be appreciably impaired" (emphasis added), and that his opinion was based on the odor of alcohol on defendant's breath and the results of certain psycho-physical tests performed by defendant, but that he could not remember what tests were performed or how well defendant had actually performed them.

In granting defendant's motion for a directed verdict on the issue of punitive damages, the trial court found that

> the plaintiff has produced evidence from which the jury could find that the defendant had a moderate odor of alcohol about his breath immediately after the accident, that he was given field sobriety tests by the officer. The officer does not remember which tests or how he performed, except that he assumes that he would have failed them. That other than the odor of alcohol, and the "failure," quote-unquote of the psycho-physical tests, he has no recollection of—in regard to the defendant's state of sobriety, and in fact says that, "In my opinion he had consumed a sufficient amount of alcohol that his physical abilities may be appreciably impaired." That there is no evidence of any conviction of the defendant. That there is no evidence of any Breathalyzer. That there is no evidence as to how much alcohol was consumed by the defendant. That there are no affidavits from any witnesses or testimony from any witnesses about the defendant's impairment other than opinion of the officer. That there was no evidence of any reckless and wanton driving, other than edging out at a stop sign too far into traffic and being hit by the plaintiff. There is no evidence as to the defendant's physical characteristics such as his face or eyes or being unsteady on his feet.

Under N.C. Gen. Stat. § 1D-15, enacted in 1995, punitive damages may now be awarded only if a plaintiff can prove willful or wanton conduct (or fraud or malice) by clear and convincing evidence. We hold that plaintiff failed to carry his burden of proof that any intoxication of defendant while driving rose to the level of willful or wanton conduct. The trial court did not err in granting defendant's motion for a directed verdict on the issue of punitive damages and the judgment of the trial court is affirmed.

Affirmed.

Judges LEWIS and HORTON concur.